Statement of case. [Vol. 166.

The People of the State of New York ex rel. The New York and Harlem Railroad Company et al., Appellants, v. The Board of Taxes and Assessments and Thomas L. Feitner et al., as Commissioners of Taxes and Assessments in the City of New York, Constituting Said Board, Respondents.

Appeal — Discretionary Refusal of Mandamus. Where the facts are sufficient to justify the court below in refusing a common-law mandamus as matter of discretion the Court of Appeals will not review its action unless it affirmatively appears in the order denying the writ that it did not refuse the application in the exercise of discretion.

*People ex rel. N. Y. & H. R. R. Co.* v. *Board of Taxes*, 55 App. Div. 544, appeal dismissed.

(Argued February 26, 1901; decided March 8, 1901.)

Appeal from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 13, 1900, which reversed an order of Special Term granting a motion for a peremptory writ of mandamus directing the defendants to strike from the roll a certain assessment against the property of the relators for the year 1900.

The facts, so far as material, are stated in the opinion.

*Ira A. Place* for appellants. The relators showed a clear legal right to the relief prayed for. (*People ex rel.* v. *Wilson*, 119 N. Y. 515; *Mygatt* v. *Washburn*, 15 N. Y. 316; *Nat. Bank* v. *City of Elmira*, 53 N. Y. 49.) Mandamus was the proper and the only adequate remedy. (*People ex rel.* v. *Feitner*, 30 Misc. Rep. 641; *People ex rel.* v. *Feitner*, 41 App. Div. 544; *People ex rel.* v. *Feitner*, 43 App. Div. 199; High on Extra. Leg. Rem. §§ 1, 4; Merrill on Mandamus, §§ 52–54; Wood on Mandamus, 35; Spelling on Extra. Relief, § 1375; *People ex rel.* v. *Coler*, 34 App. Div. 167; Cooley on Taxn. [2d ed.] 729; *State ex rel.* v. *Cremer*, 35 S. C. 213; *Nat. Bank* v. *Boyd*, 35 S. C. 233; *State ex rel.* v. *Covington*, 35 S. C. 245; *People ex rel.* v. *Wilson*, 119 N. Y. 515; *People ex rel.* v. *Bd. of Suprs.*, 70 N. Y. 228.)

*John Whalen, Corporation Counsel* (*James M. Ward* of counsel), for respondents.   The order appealed from is not reviewable in this court.   (*People ex rel.* v. *Jeroloman,* 139 N. Y. 14; *People ex rel.* v. *Van Wyck,* 157 N. Y. 495; *People ex rel.* v. *Board of Education,* 158 N. Y. 125; *People ex rel.* v. *Trustees of Saratoga Springs,* 159 N. Y. 568; *People ex rel.* v. *Moss,* 161 N. Y. 623.)   A mandamus will not issue where a party or person has another adequate remedy.   (Wood on Mandamus [3d ed.], 1; *People ex rel.* v. *Feitner,* 44 App. Div. 239.)   One aggrieved by an illegal, erroneous or unequal assessment has a complete and effective remedy by certiorari under the General Tax Law.   (*People ex rel.* v. *Feitner,* 44 App. Div. 239; N. Y. L. J., March 7, 1900; *People ex rel.* v. *Barker,* 22 App. Div. 161.)

PARKER, Ch. J.   A common-law mandamus is addressed to the sound discretion of the Supreme Court, and when it appears that the facts are such as to justify the court in refusing mandamus as matter of discretion, this court will not attempt to review its action unless it affirmatively appears in the order denying the writ that the court did not refuse the application in the exercise of discretion.   (*People ex rel. D. L. I. Co.* v. *Jeroloman,* 139 N. Y. 14; *People ex rel. Jacobus* v. *Van Wyck,* 157 N. Y. 495; *People ex rel. Steinson* v. *Bd. of Education,* 158 N. Y. 125; *People ex rel. Rice* v. *Moss,* 161 N. Y. 623.)

In this matter the situation as it was presented to the court not only justified, but seemed to call upon it to exercise its discretion in refusing relator the writ, because it had a specific legal remedy afforded by statute to which it could, and, therefore, should, resort for the enforcement of its right, for the rule is well settled that when the law provides an adequate remedy the writ of mandamus will not be awarded.   (Wood on Mandamus [3d ed.], page 1, and authorities cited.)

The relator's claim was that one of two assessments against it, appearing upon the assessment roll of the city of New York, was illegal; but by chapter 269 of the Laws of 1880

the legislature provided a remedy by certiorari, which is complete and adequate to give all the relief which any aggrieved taxpayer may be entitled to by reason of an illegal, erroneous or unequal assessment, and as it does not appear from the order of reversal that the court did not refuse mandamus in the exercise of its discretion, we are without authority to review it.

The appeal should be dismissed, with costs.

O'BRIEN, BARTLETT, HAIGHT, MARTIN, VANN and LANDON, JJ., concur.

Appeal dismissed.