A. Franklin Mahoney, J.
The petitioners, individual and corporate, seek an order directing the taking of testimony hearing on the alleged illegality of assessment procedures used by the respondents in making up the 1972 general assessment roll of the Town of Fallsburgh, and, further, a declaration that said assessment procedures and resultant tax roll are unconstitutional, illegal and void. The respondents oppose the motion* on the ground that proceedings to review assessments of real property must be brought pursuant to the provisions of article 7 of the Beal Property Tax Law and cannot be collaterally attacked. The issue of whether article 7 of the Beal Property Tax Law is petitioners’ exclusive remedy turns on the question of whether the reasons assigned by petitioners as errors or illegal acts on the part of respondents in compiling the tax roll are such that, if proven at hearing (article 78 review) or trial (declaratory judgment action), would constitute procedural methods or conduct of a nature that would deprive the assessing officer of jurisdiccional authority.
An assessment review proceeding furbishes an adequate remedy for a dissatisfied taxpayer and confines him to its employ *903 ment in all cases where the gravamen of the attack is the commission of errors which vitiate the assessment and lay it open to cancellation. Thus, in all cases where the purpose of the proceeding is to review actual evaluations, the test “ is not the formula used but the fairness and reasonableness of the board’s conclusion. The result, not the method, is controlling ’ ” (C.H.O. B. Assoc. v. Board of Assessors of County of Nassau, 45 Misc 2d 184, 187). In all such cases article 7 of the Real Property Tax Law is the exclusive remedy. However, where the taxing authority acts entirely without jurisdiction in making assessments and compiling a tax roll, then its acts are void and are subject to collateral attack (C. H. O. B. Assoc. v. Board of Assessors of County of Nassau, supra; Zinder v. Board of Assessors of County of Nassau, 66 Misc 2d 150; Buffalo Hebrew Christian Mission v. City of Syracuse, 33 A D 2d 152; 24 Oarmody-Wait 2d, New York Practice, § 146:13). Statutes such as article 7 of the Real Property Tax Law, purporting to set up exclusive remedies for reviewing tax assessments do not bar collateral attack when taxes are levied without jurisdiction (Matter of Autokefalos Orthodox Spiritual Church of St. George v. City of Mount Vernon, 283 App. Div. 801). The issue herein is whether the illegalities charged by the petitioners are of a nature which, if proven, would be mere errors or irregularities that would not void the tax roll or of a kind that would drain the taxing authority of its jurisdictional right to tax at all. For example, in Buffalo Hebrew Mission v. City of Syracuse (supra), the court permitted collateral attack via a declaratory judgment action on an assessment of realty owned by a religious corporation on the ground that the city had no jurisdiction to levy the tax. Similar results can be found (Cooper Union v. City of New York, 272 App. Div. 438, affd. 298 N. Y. 578; Dun & Bradstreet v. City of New York, 276 N. Y. 198, 206; People ex rel. Erie R. R. Co. v. State Tax Comm., 246 N. Y. 322; National Bank of Chemung v. City of Elmira, 53 N. Y. 49). But in this ease there is no complaint that the properties are not assessable. Indeed, there is an admission that the respondents were authorized to assess real property in the Town of Fallsburgh. To succeed in maintaining this collateral attack, therefore, petitioners must sustain the heavy burden of proving that the acts of respondents resulted in a loss of jurisdiction to tax. Failure in this regard pre-empts petitioners’ right to collaterally attack the 1972 assessment roll (Oak Hill Country Club v. Town of Pittsford, 264 N. Y. 133; Sikora Realty Corp. v. City of New York, 262 N. Y. 312; Van Voorhis v. County of. Monroe, 288 N. Y. 138). *904 The illegal acts complained of are (1) the assessments reflect only land evaluation and not improvements; (2) the methods employed to compile the assessment roll were illegal in that respondents used an outdated tax map; (3) that the assessor did not personally view the lands he assessed but arbitrarily set a value of $800 per acre as the market value of all land in the township; (4) that respondents failed to furnish notice of increased assessments as required by law; (5) that the assessor was incompetent; (6) that inadequate provisions were made for the hearing of grievances; (7) that changes were made on the assessment rolls after July 15,1972; (8) that the members of the Board of Assessors and Board of Assessment Review were motivated by personal gain and (9) that respondents revoked, denied or reduced existing veterans ’ exemptions.
The assigned errors or illegalities enumerated above as Nos. (4), (5), (6), (7), (8) and (9) can be disposed of summarily. "While I am satisfied that the assessment roll of the Town of Fallsburgh was certified and filed as required by law, it should be noted that late filing does not vitiate either the roll or the tax levied thereunder (Matter of Bablo v. Andrews, 4 Misc 2d 105). The qualification, or lack thereof of the Town Assessor as charged by petitioners, is irrelevant, particularly since the recitation of the assessor’s background in real property matters more than satisfies the requirements set forth in section 1522 of the Real Property Tax Law. The contention that inadequate provisions for hearing individual grievances were provided, that changes were made in the tax rolls after July 15, 1972 and that some veterans’ exemptions were changed are all without merit and totally inadequate to justify the relief requested in the absence of any evidentiary supportable allegations of a quality sufficient to support the burden of proving misconduct and, further, such charges, if sustained, affect individual taxpayers for whom the law provides an adequate remedy. They are not errors or illegalities that would undermine the entire assessment program and open it to collateral attack. The charge that individual board members were motivated by notions of personal profit or gain is a reckless charge, not evidentially supported in the accompanying papers and baseless as a reason for maintaining an article 78 certiorari proceeding.
The most serious allegation of respondents’ misconduct is that the assessor adopted a multiphased program of assessment and in furtherance of that program only assessed vacant land in compiling the 1972 tax roll, all in derogation of section 306 of the Real Property Tax Law which states: “ All real property in *905 each assessing unit shall be assessed at the full value thereof.” In support of and in proof of this charge the petitioners rely on a certain letter, dated May 9, 1972, from the executive administrator of the town to all property owners wherein the taxpayers were advised of the appointment of the new Town Assessor and, further, that the land values of all parcels were reviewed with the stated objective of having all land values reflect 40% of market value. The result, the taxpayers were advised, was that the total assessment of most parcels was adjusted. Throughout the lengthy notice the taxpayers are informed that any increase or decrease for the year 1973 would be in the total assessment of each parcel. Certainly, such a notice cannot be used as evidentiary proof that the assessor violated the provisions of section 306 of the Beal Property Tax Law by assessing land values only. One can assume the hypothesis of a 1972 full assessment of $10,000 of which land value is $2,000 and the 1973 assessment of the same parcel being increased to $12,000 as the result of an increase in land value of $2,000 in order that such land value might reflect 40% of market value as determined by recent sales of property filed in the County Clerk’s office. On this point the court determines that the petitioners have failed to overcome the presumption that the assessments are correct and do not represent the fair market value of the property assessed (People ex rel. Union Bag & Paper Gorp. v. Fitzgerald, 165 Misc. 237; Matter of Melcroft Corp. v. Weise, 256 App. Div. 291; People ex rel. Beardsley v. Barber, 266 App. Div. 371).
The charges that the assessor used an outdated tax map and that he did not personally view each parcel assessed are without merit. The petitioners do not identify the map used or the availability or lack thereof of any other map. Individualized, personal viewing of each parcel is not required by the Beal Property Tax Law. In fact, the assessor may acquire the information he needs from inspection, observation, hearsay, inquiry and from the opinions of others. It is the totality of his information that is germane, not merely what he saw by reason of a personal visit (People v. Brundage, 195 App. Div. 745).
Finally, the contention of petitioners that the assesor arbitrarily set a figure of $800 per acre as the market value of all land in the township and failed to take into consideration such factors as easements, road frontage, availability of water and location is meritless as justification for collaterally attacking the entire assessment roll in the absence of any supportable allegation that the $800 per acre assessment does not represent a uniform percentage of full value. The Town Assessor insists that $800 per acre accurately reflects land values in Fallsburgh based on all *906 recent sales. If such assessment is uniform throughout the town, and petitioners concede this, it reflects the mental operation or judgment of the assessor that the figure of $800 per acre of land is market value and such judgment is not subject to review except by individual taxpayers in an article 7 of the Real Property Tax Law proceeding.
In sum, it can be said that assessing methods are subject to collateral attack when those methods strip the taxing authorities of their jurisdictional right to tax. Where they do not, the mere allegation, unsupported by evidentiary matter, that the attack is on the methods employed rather than individual evaluations, is not enough to relieve the complainants of the obligation to pursue their relief via the provisions of article 7 of the Real Property Tax Law. In my view, such is the case herein.
The petition is dismissed.

 Presumably an article 78 certiorari review, although not identified as sucji in the moving papers.