James Gibson, J.
In an action for a declaratory judgment, defendants[1] move to dismiss a complaint whereby it is alleged that in assessing mobile homes owned by plaintiff and by other owners similarly situated, the defendant assessor "did not specifically value each Mobile Home at its full value but instead, in disregard of its value, charged one blanket figure * * * as the full value of the Mobile Home regardless of its original cost, model, size, age and actual value in the market place”; evaluating each single unit at $500 full value and evaluating double units at either $1,000 or $1,200, "depending on the size only”. The ratio of assessed to actual value in the town is alleged to have been 8.76%. The complaint alleges, also: the relatively high rates of depreciation of mobile homes generally and the varying ages of those here involved; the cost of single mobile homes as ranging from $3,300 to $13,000 and the varying sizes and quality of those here involved; and the market classification of mobile homes as "Economy Class, Standard Class, Above Standard Class and DeLuxe Class”. It is alleged that for 1975 plaintiff was assessed for 142 "single” mobile homes, and 7 “double” and 2 "extra large double” mobile homes.
After alleging the requirement of section 306 of the Real Property Tax Law that "[a]ll real property in each assessing unit shall be assessed at the full value thereof,” the complaint alleges, further, that, with respect to the assessments complained of, the intent and purpose of the statute were to require "that the real property of each owner be individually assessed” and "[t]hat whether Section 306 of the Real Property Tax Law is interpreted as requiring full value assessments or a uniform percentage of full value, the method employed by the defendant assessor is in complete violation of *22 the principal [sic] that each item of real property should relate to its market value as of Tax Status Day of the year in which it is assessed as required by the Real Property Tax Law.”
There follow general allegations that the "method” of assessment complained of results in the overassessment of mobile homes generally, with resultant benefit to other owners, and the imposition of an unfair and disproportionate tax burden upon the plaintiff "and all real property owners similarly situated”; the "method” of assessment contravening principles of "due process and equal protection” and being applied by the taxing authorities without "jurisdictional right”.
The complaint thereupon demands judgment, among other things: (a) declaring that the method employed by defendant assessor in preparing the assessment roll was in violation of section 306 of the Real Property Tax Law and of the State and Federal Constitutions; (b) declaring that the assessment roll is illegal insofar as it relates to the assessment of mobile homes; (c) that defendants be enjoined from levying taxes based upon such roll; and (d) that defendant assessor be directed to prepare new assessments of mobile homes and defendant board of assessment review be directed to conduct hearings upon any complaints resulting from the new assessments.
The defendants move for an order and judgment dismissing the complaint on the grounds: (1) that the complaint fails to state a cause of action, (2) that there is another action pending in Supreme Court, Saratoga County, between the same parties for the same cause of action, (3) that plaintiff has an adequate remedy at law under article 7 of the Real Property Tax Law; and, further, upon the grounds stated in the affirmative defenses pleaded in defendants’ answer, those defenses being (4) failure of compliance with the statutory requirements of a declaratory judgment action, (5) adequate remedy at law, (6) other action pending, (7) failure to join necessary parties, and (8) failure to furnish a bond in compliance with section 51 of the General Municipal Law.
Thus, the motion grounds are many and certain of them are, of course, identical with certain of the defenses. In their brief, however, defendants state that the "primary issue” is whether plaintiff has an adequate remedy at law in the pending proceedings brought by it under article 7 of the Real Property Tax Law to review the assessments of its mobile *23 homes, one such proceeding being addressed to the 1975 assessments involved in this action and the other to the 1974 assessments of the same properties.
Movants have not established their legal thesis that the existence of an adequate remedy at law would, of necessity, deny plaintiff access to the remedy afforded by a declaratory judgment action. More precisely, perhaps, the central issue presented by the motion is the appropriateness of the declaratory judgment remedy — generally and in the context of the claim of other action pending — and that question will be considered accordingly.
Clearly in point is Zinder v Board of Assessors of County of Nassau (66 Misc 2d 150, affd 38 AD2d 836), holding that a declaratory judgment action is appropriate when the challenge is to the method of valuation rather than to the amount of any actual assessment. Such an "action is distinguishable”, said the court (p 152), "in that 'It does not seek a review of any actual valuations, but attacks instead the method used in the preparation of the roll. A review of the method here does not necessitate an inquiry into the assessor’s mental processes, judgment and observations’ * * * Inasmuch as the plaintiffs are not complaining of or seeking a specific review of their own assessments, they are not restricted to seeking their relief * * * in a certiorari proceeding, as is urged by the defendant.” The quotation within this quotation was from the same court’s decision in C.H.O.B. Assoc. v Board of Assessors (45 Misc 2d 184, 187-188, affd 22 AD2d 1015, affd 16 NY2d 779) which had expressly recognized the propriety of an action for declaratory judgment respecting an allegedly illegal method of assessment —which action had, indeed, survived a motion to dismiss — and had thereupon heard and determined the action on the merits, upon which it found adversely to the plaintiff. From the hereinbefore outlined allegations of the complaint (supra), it is clear beyond dispute that, as in Zinder (supra, p 152), the thrust of this action is to "the method used in the preparation of the roll” and not to "a specific review of * * * assessments”.
The defendants’ complete reliance upon Matter of Bertholf v Cisco (72 Misc 2d 901, affd. 45 AD2d 787) is mistaken. Although that case bears a superficial resemblance to this, to the extent that petitioners complained "that the assessor arbitrarily set a figure of $800 per acre as the market value of all land in the township” (p 905), the assessor insisted — the *24 court’s word — that the $800 figure accurately reflected land values. This, the court held, "reflects the mental operation or judgment of the assessor” contestable only in an article 7 proceeding; the court stating, further, that "the mere allegation, unsupported by evidentiary matter, that the attack is on the methods employed rather than individual evaluations” is not enough to warrant departure from the article 7 remedy (p 906). Mr. Justice Mahoney’s opinion, far from supporting defendants’ position, serves on the contrary to bolster plaintiffs contention. The opinion recognized the Zinder rule and stressed the distinction between attacks on contested evaluations as such and attacks on contested .and arbitrary methods of evaluation generally applied and thereupon found against the taxpayer on the basis of the submitted evidence; just as the court did in C.H.O.B. (supra),, and just as the evidence to be submitted on the trial of the case at bar may or may not warrant dismissal by the trial court. In the case at bar the attack is indisputably upon "the methods employed”, and this by factual allegations; and defendants assert nothing to the contrary, contending, rather, that the claim of illegality of method has1 in fact been made and is at issue in the pending article 7 proceedings.
This contention is, of course, asserted as a separate ground for dismissal (CPLR 3211, subd [a], par 4). However, close examination of the article 7 petition (and of the precedent protests) yields no support to the contention that the issue of illegality, in the sense of jurisdiction or authority, is thereby tendered.
Defendants’ moving affidavit asserts that plaintiff has not joined "all of the proper parties required and necessary since all taxpayers of the Town of Stillwater similarly situated are not joined as parties plaintiff.” The title of the complaint names as plaintiff "hillside colony inc. on behalf of itself and all other residents and real property owners in the Town of Stillwater, County of Saratoga”. In the body of the complaint, however, it is alleged, in paragraph TVenty-second, that the method of assessment complained of personally aggrieves "other real property owners similarly situated wherein the Mobile Homes assessed are at an age, style, model, class and original cost which would be less than the blanket figure ascribed by defendant Assessor”, and, in paragraph Twenty-third, that such method "results in the overassessment of *25 Mobile Homes in the Town of Stillwater resulting in a lower tax burden for those owners of real property in the Town of Stillwater who are not assessed for Mobile Homes.” From all this, defendants argue: "The plaintiff is clearly asserting that the interests of mobile home owners in the instant case are contrary to the interests of those not owning mobile homes. Since the plaintiff cannot possibly be seeking relief 'on behalf of all other residents and real property owners in the Town of Stillwater’ [as stated in the title of the complaint] the complaint should be dismissed.” Such a result would not follow by any means, as, obviously, the quoted allegations control over the caption and no prejudice ensues from the overbroad description in the title, which, in any event, is readily susceptible of amendment at any time.
As has been noted (supra, n 1) defendant board of education also moves to dismiss for insufficiency, relying largely on Bertholf (72 Misc 2d 901, affd 45 AD2d 787, supra). Its additional contention that in view of the board’s passive role in the assessment process (Real Property Tax Law, § 1302), plaintiff has not been aggrieved by any act on the part of the board, might well be determinative in a tax assessment review proceeding, but such is not the test in an action for declaratory judgment which looks in large part to the future and to future acts of those who may be or may become concerned (Manhattan Stor. & Warehouse Co. v Movers & Warehouse-men’s Assn., 289 N Y 82, 88; 24 Carmody-Wait 2d, N Y Prac, § 147.29). The board contends, further, that the complaint is deficient in failing to allege "that the total assessment, not merely one of the component parts thereof, is illegal or inequitable”; but, again, this contention, while pertinent to an article 7 proceeding, is not relevant in this action predicated on illegality of method.
Upon defendants’ application, plaintiff is required, within 30 days after the date of this memorandum decision, to file a bond in accordance with section 51 of the General Municipal Law (Zinder v Board of Assessors of County of Nassau, 38 A D 2d 836, supra; and see Bloom v Mayor of City of N. Y., 35 AD2d 92, 95, affd 28 NY2d 952).
Motions to dismiss denied. Application to require filing of bond granted.

. The primary motion is made by all the defendants other than defendant board of education, which has, however, filed a brief and supplemental brief in support of its codefendants’ motion and has also moved to dismiss for insufficiency (see, infra, p 25). For convenience, the term "defendants” will, unless otherwise specifically indicated, refer to the defendants other than defendant board of education.