OPINION OF THE COURT
Harold J. Hughes, J.
The defendants move to dismiss the complaint upon the following grounds:
1. Plaintiff New York State Public Interest Research Group, Inc. (NYPIRG) lacks standing to bring the action and its complaint fails to state a cause of action;
2. Plaintiffs Whittles and Looker have another action pending for the same relief;
3. Plaintiffs Sood and Gile are barred from maintaining this action because of their failure to exhaust available judicial remedies;
4. Plaintiffs have failed to join necessary and indispensable parties;
5. The complaint fails to state a cause of action in view of the exclusive remedy afforded aggrieved taxpayers by article 7 of the Real Property Tax Law;
6. The complaint fails to state a cause of action under section 51 of the General Municipal Law since there is no allegation of any municipal waste and/or harm to the City of Albany;
7. The allegations of the complaint do not support the drastic relief sought, i.e., a declaration that the entire 1978 tax roll of the City of Albany is null and void.
This is a taxpayer’s action seeking a declaratory judgment and injunctive relief. Plaintiffs are NYPIRG, a not-for-profit corporation, whose purpose is to advocate the interest of consumers and taxpayers of the State, and Messrs. Looker, *130 Whittles, Gile and Sood, members of NYPIRG and taxpayers of the City of Albany, owning real estate with an assessed valuation in excess of $1,000. The complaint sets forth three causes of action, to wit: (1) a cause of action alleging that the manner in which assessments in the City of Albany are determined is illegal and unconstitutional because assessments are arrived at by comparing a parcel to the assessments of other nearby parcels, irrespective of full market value, in violation of law; (2) a cause of action alleging that the manner in which the board of assessment review operates is illegal and unconstitutional because the board grants reductions on the basis of incomplete forms, acts in an arbitrary and capricious manner, gives favored treatment to forms submitted by Democratic Party officials and distributes grievance forms which contain misleading and incorrect information; and (3) a cause of action alleging that the practice of reassessing only those parcels that have been recently sold or transferred discriminates against new homeowners in an unconstitutional manner. The relief sought includes a declaration that the foregoing practices are illegal and unconstitutional, injunctive relief prohibiting the continuation of the practices alleged, and a declaration that the entire 1978 tax roll in the City of Albany is illegal, null and void.
The first point raised by defendants is that NYPIRG lacks standing to proceed as a party plaintiff because it fails to possess the requisite capacity to sue set forth in section 51 of the General Municipal Law. Section 51 authorizes taxpayer actions by the following: "any person or corporation whose assessment, or by any number of persons or corporations, jointly, the sum of whose assessments shall amount to one thousand dollars, and who shall be liable to pay taxes on such assessment in the county, town, village or municipal corporation to prevent the waste or injury of whose property the action is brought, or who have been assessed or paid taxes therein upon any assessment of the above-named amount within one year previous to the commencement of any such action, or who has been so assessed but has not paid nor shall be liable to pay any or the full amount of taxes on such assessment because of a veteran’s exemption therefrom pursuant to section four hundred fifty-eight of the real property tax law, or who has been so assessed but has not paid nor shall be liable to pay any or the full amount of taxes on such assessment because of an exemption therefrom granted to persons *131 sixty-five years of age or over or their spouses pursuant to the real property tax law.”
A plaintiff who does not fall within the foregoing class lacks capacity to pursue an action under section 51 of the General Municipal Law (Jacques v Richard, 74 Misc 2d 965). While the complaint herein alleges that the instant action is based "in part” upon section 51 of the General Municipal Law, the court fails to discern any other basis for the action. A taxpayer’s action for a declaratory judgment to prevent harm to the public in general due to municipal waste is brought pursuant to this statute irrespective of the label applied thereto (Wein v City of New York, 47 AD2d 367, mod on other grounds 36 NY2d 610). Thus, in examining NYPIRG’s capacity to maintain the instant action, we are not concerned with general rules of standing as discussed in cases such as Matter of Douglaston Civic Assn. v Galvin (36 NY2d 1), where the courts are free to broadly construe terms such as "aggrieved” in order to promote expanding concepts of standing, but rather, we deal with a statute which sets forth certain conditions precedent that a plaintiff must meet before he is entitled to maintain the action (Matter of Dairylea Co-op. v Walkley, 38 NY2d 6, 11). It is in this context that NYPIRG’s capacity to sue must be examined.
Section 51 of the General Municipal Law is to be liberally construed (Matter of Cline v Board of Trustees of Schenectady County Community Coll., 76 Misc 2d 536, affd 45 AD2d 823). However, no matter how broadly the language is construed it is clear that the statute still requires that for a potential litigant to come within its purview, the litigant must be a taxpayer (supra). NYPIRG is not a taxpayer within the meaning of section 51 of the General Municipal Law. The complaint, while being very particular in alleging the capacity to sue of the individual plaintiffs, is totally devoid of any allegation that NYPIRG owns any property or pays any taxes within the City or County of Albany. Upon the argument of this motion, NYPIRG’s counsel conceded that the corporation itself was not a taxpayer within the meaning of section 51 of the General Municipal Law, but argued that since some of its members were taxpayers NYPIRG should be allowed to maintain the action on behalf of its members. In the court’s view, this would not constitute a liberal construction of the statute, but instead would constitute a judicial revision of the Legislature’s act.
*132 The court observes that on other occasions NYPIRG has been permitted to proceed as a plaintiff in litigation against municipal corporations (New York Public Interest Research Group v Levitt, 90 Misc 2d 670, affd 62 AD2d 1074; New York Public Interest Research Group v Carey, 86 Misc 2d 329, affd 55 AD2d 274, opp dsmd 41 NY2d 1072; New York Public Interest Research Group v City of New York, 89 Misc 2d 262, affd 63 AD2d 926). However, none of those cases explicitly direct themselves to the issue of whether NYPIRG qualifies as a taxpayer under section 51 of the General Municipal Law so as to be entitled to maintain a suit such as the instant one. Upon the record before it, the court is compelled to hold that NYPIRG lacks capacity to sue under the statute.
With respect to defendants’ claim that the complaint fails to state a cause of action, the court must apply "the well-established and fundamental rule of law that on an application of this character, the allegations of a challenged complaint must be assumed to be true” (Dot Mort Holding Corp. v Town of Mamaroneck, 7 Misc 2d 684, 686). The first cause of action alleges that the defendants are violating the requirements of section 306 of the Real Property Tax Law by determining assessments on property by comparing the subject parcel to the assessment on other nearby parcels on the same block or in the immediate vicinity, irrespective of the parcel’s actual value in relation to all other parcels within the city. It is contended that this method of assessing property perpetuates a system whereby some neighborhoods within the taxing unit are over assessed while other neighborhoods are under assessed, all in violation of the requirement that assessments shall be uniform throughout the tax unit. The second cause of action alleges that the defendants are illegally granting assessment reductions based upon incomplete forms submitted by Democratic Party officials, and by distributing grievance forms which contain misleading and incorrect information. The third cause of action contends that defendant McDonald "generally reassesses only those parcels of property that have recently been sold or transferred” in violation of section 306 of the New York Real Property Tax Law.
The method of assessing property under section 306 of the Real Property Tax Law was recently addressed by the Court of Appeals in Matter of Merrick Holding Corp. v Board of Assessors of County of Nassau (45 NY2d 538, 541), as follows: "The command of section 306 of the Real Property Tax Law *133 that all property be assessed at full value does not pronounce an inelastic approach to valuation. Nor does the legislative directive specify a particular method for establishing value. And courts, being under no compunction to do so, have not confined assessors to any one course. To ensure that the existence of varied and multifaceted patterns of land use and ownership does not frustrate the design that each contribute equitably to the public fisc, courts have upheld any fair and nondiscriminatory method that appears most likely to achieve that end”.
Thus, while the assessor is given great latitude in his method of assessments, that broad latitude does not alter "the settled rule * * * that assessments must be made at a uniform rate * * * for every type of property in the assessing unit” (860 Executive Towers v Board of Assessors of County of Nassau, 53 AD2d 463, 471, affd sub nom. Matter of Pierre Pellaton Apts. v Board of Assessors of County of Nassau, 43 NY2d 769). A complaint which alleges that the assessor is employing methods which fail to produce a uniform rate of assessment throughout the tax unit as required by section 306 of the Real Property Tax Law states a cause of action (Matter of Hellerstein v Assessor of Town of Islip, 37 NY2d 1, mod 39 NY2d 920; C.H.O.B. Assoc. v Board of Assessors of County of Nassau, 45 Misc 2d 184, affd 22 AD2d 1015, affd 16 NY2d 779; Zinder v Board of Assessors of County of Nassau, 66 Misc 2d 150, affd 38 AD2d 836). The claims in the complaint herein charge the defendant with employing methods of assessment that result in a lack of uniformity and, in view of the foregoing authority, this court holds that the causes of action set forth in the complaint state legally cognizable claims. The court has not considered the applicability of section 307 of the Real Property Tax Law since that statute has not been raised by defendants on this motion.
Those portions of the defendants’ motion to dismiss which assert that Whittles and Looker have another action pending (article 7 proceedings), that Sood and Gile have failed to exhaust available judicial remedies (they failed to commence article 7 proceedings), and that article 7 of the Real Property Tax Law is the exclusive remedy to plaintiff, are not well taken. It has been held that "a taxpayer’s action has been said to be the proper vehicle to test the * * * alleged unlawful method utilized in the preparation of an assessment roll” (Bloom v Mayor of City of N. Y., 35 AD2d 92, 95, affd 28 NY2d *134 952). Moreover, a taxpayer action under section 51 of the General Municipal Law can be framed in terms of a declaratory judgment action (35 AD2d 92, 96, 97, supra). Furthermore, in Hillside Colony v Barbolt (86 Misc 2d 20), the court rejected the argument that a declaratory judgment action under section 51 of the General Municipal Law attacking the methods of assessments used by the assessor is incompatible with or barred by the pendency of separate article 7 proceedings brought by the same petitioner. The availability of article 7 relief, or whether or not the individual plaintiffs have actions pending thereunder or have failed to commence actions thereunder, would appear irrelevant to the commencement and maintenance of this action.
The argument of defendants that the plaintiffs have failed to join indispensable parties by failing to join the 700 residents of the City of Albany who were allegedly granted assessment reductions based upon incomplete forms submitted by Democratic Party officials is an insufficient basis to dismiss the action (Hillside Colony v Barbolt, supra, pp 24, 25). In any event, plaintiffs have agreed to withdraw paragraph 3 of their "wherefore” clause which seeks relief against those persons and, in view thereof, the 700 alleged illegally favored taxpayers are not necessary parties hereto. Likewise, defendants’ argument that the complaint fails to sufficiently allege waste under section 51 of the General Municipal Law is not well taken. The complaint alleges that the defendants herein are failing to perform in a legal manner the duties imposed upon them by law. These allegations, if true, charge a waste of public funds.
The court agrees with the defendants that the portion of the complaint which seeks to vacate the entire 1978 tax roll of the City of Albany should be stricken. The Court of Appeals has made it abundantly clear that it is not the function of the courts to cause unnecessary disorder and confusion in public affairs by holding over the heads of local municipalities the threat that their current or past tax rolls will be vacated due to noncompliance with section 306 of the Real Property Tax Law (Matter of Hellerstein v Assessor of Town of Islip, 37 NY2d 1, 14, supra). The public harm caused to the municipalities in areas such as obtaining financing for needed projects through the sale of bonds far outweighs whatever in terrorem affect the threat of vacating past tax rolls may have on recalcitrant officials. The relief to be afforded in actions of this *135 nature should be prospective only (Matter of Hellerstein, supra). Accordingly, subdivision (g) of paragraph 1 of plaintiffs’ "wherefore” clause shall be stricken.
The motion of the defendants for an order dismissing this action shall be granted to the extent of dismissing the New York Public Interest Research Group, Inc., as a party plaintiff to the action, and by striking paragraphs 1 (g) and 3 of the "wherefore” clause of the complaint, and in all other respects shall be denied, without costs.