OPINION OF THE COURT
Simons, J.
Plaintiff seeks to recover a portion of real property taxes paid defendant claiming the levies were illegal because they exceeded the 2% constitutional limitation on taxation of real property (see NY Const, art VIII, § 10; Hurd v City of Buffalo, 34 NY2d 628, affg 41 AD2d 402; Bethlehem Steel Corp. v Board of Educ., 44 NY2d 831, affg 61 AD2d 147). Its complaint asserts four causes of action involving sums paid for the tax years commencing on July 1, in 1974, 1975, 1976 and 197.7. It alleges that the taxes were paid under protest, but it does not allege compliance with the provisions of section 3813 of the Education Law.* The issue is whether the complaint states valid causes of action.
Before service of an answer, defendant served a notice of motion to dismiss pursuant to CPLR 3211 (subd [a], par 7), without accompanying affidavits, alleging that the complaint failed to state the statutory requirement of service of a written verified claim on defendant and its neglect or refusal to adjust or pay the claim (see P. J. Panzeca, Inc. v Board of Educ., 29 NY2d 508). Plaintiff responded by serving affidavits in which it alleged that the taxes were *267 paid under protest. Annexed were checks and letters indicating that the taxes referred to in the first cause of action, paid for the tax year 1974-1975, and part of those referred to in the third cause of action, paid for the tax year 1976-1977, were paid under protest. This motion presents only the sufficiency of the complaint, however, and for that purpose we must assume the truth of the allegations contained in it, without reference to the allegations in plaintiff’s responding papers (cf. CPLR 3211, subd [c]).
Special Term held that a notice of claim was a necessary condition precedent to maintenance of the action and that plaintiff’s letters substantially complied with the service requirement. It granted plaintiff leave to verify them nunc pro tunc. It denied the motion to dismiss the complaint holding that although compliance with the statute was required to maintain the action, compliance need not be pleaded. The parties filed cross appeals and the Appellate Division modified Special Term by striking that part of the order which permitted plaintiff to verify the letters nunc pro tunc. The majority held that compliance with section 3813 was not required to sustain the cause of action but that even if it was, plaintiff was excused under the judicially recognized public interest exception (see Union Free School Dist. No. 6 of Towns of Islip & Smithtown v New York State Human Rights Appeal Bd., 35 NY2d 371, 379-380). The dissenter voted to grant defendant’s motion to dismiss the complaint (see Niagara Mohawk Power Corp. v City School Dist. of City of Troy, 88 AD2d 167). The Appellate Division granted leave to appeal to this court on a certified question.
There should be an affirmance. Taxes assessed and collected in violation of the constitutional authority granted the school district or otherwise void for want of jurisdiction may be recovered by the taxpayer in a plenary action for moneys had and received (Matter of First Nat. City Bank v City of New York Fin. Admin., 36 NY2d 87, 93; New York R. T. Corp. v City of New York, 275 NY 258, 264, affd 303 US 573). The taxes must be paid involuntarily (City of Rochester v Chiarella, 58 NY2d 316; Mercury Mach. Importing Corp. v City of New York, 3 NY2d 418, 426; and see Bethlehem Steel Corp. v Board of Educ., 44 NY2d 831, 835, *268 supra), but a complaint alleging the involuntary payment of a void tax may not be dismissed for insufficiency because of the taxpayer’s failure to plead compliance with the provisions of subdivision 1 of section 3813 of the Education Law (see Matter of Troy Towers Redevelopment Co. v City of Troy, 51 AD2d 173, 176, affd 41 NY2d 816).
Central to our decision is the distinction between conduct of the taxing authority which is erroneous and conduct which is illegal, .between a special proceeding instituted to correct action the taxing authority is empowered to perform but which it has performed imperfectly, and a plenary action attacking action which exceeds the taxing authority’s powers.
Article 7 of the Real Property Tax Law applies to taxes collected because of erroneous assessments. It is the exclusive procedure for review of property assessments “unless otherwise provided by law” (Real Property Tax Law, § 700, subd 1; see City of Mount Vernon v State Bd. of Equalization & Assessment, 44 NY2d 960; Sikora Realty Corp. v City of New York, 262 NY 312, 318; United States Trust Co. of N. Y. v Mayor, Aldermen & Commonalty of City of N. Y., 144 NY 488). No notice of claim is necessary or required in a special proceeding instituted under article 7 because it must be commenced promptly by service of a petition and notice for review or, in New York City, by a petition alone (Real Property Tax Law, § 702, subds 2, 3; § 704, subd 1) after petitioner has exhausted his administrative grievance remedies (see Young Men’s Christian Assn. v Rochester Pure Waters Dist., 37 NY2d 371, 375; Matter of Grossman v Board of Trustees of Vil. of Geneseo, 44 AD2d 259, 263; and see People ex rel. Erie R. R. Co. v State Tax Comm., 246 NY 322, 325). The statute thus contains provisions calculated to give the taxing authority prompt notice of the claimed error and an opportunity to investigate and correct it before litigation results. These special procedures and time limits permit a measure of expedition in establishing the tax roll and stabilizing municipal finances. Section 3813 serves purposes similar to those of article 7 in nontax related claims (Matter of Board of Educ. [Wager Constr. Corp.], 37 NY2d 283; Board of Educ. v Great Neck Teachers Assn., 69 Misc 2d 1061, affd 40 AD2d 950).
*269 When the taxing authority exceeds its power, however, the taxpayer may challenge its levy collaterally in a plenary action. It need not meet statutory conditions precedent or follow the procedures set forth in the Real Property Tax Law because the assessment is void (Matter of First Nat. City Bank v City of New York Fin. Admin., 36 NY2d 87, supra; Dun & Bradstreet, Inc. v City of New York, 276 NY 198, 206; New York R. T. Corp. v City of New York, 275 NY 258, 264, affd 303 US 573, supra; People ex rel. Erie R. R. Co. v State Tax Comm., 246 NY 322, 325-326, supra). In such case, a legal issue is critical, the power to tax not the facts underlying the tax, and thus there is little need for the taxing authority to investigate or to attempt to adjust the claim. This jurisdictional issue, as in most legal proceedings, may be raised collaterally without regard to the normal procedures or the necessity of complying with conditions precedent.
Defendant, in support of its contention that section 3813 applies to this claim, relies principally upon the decision in Republic of Argentina v City of New York (25 NY2d 252). In that case, plaintiff contended its consular offices were exempt from real property taxation under international law, “the customs and practices of nations”, which it alleged was binding on local governments. It sought to recover taxes paid, most of them voluntarily, over an 18-year period. The city acknowledged that it was bound by international law but disputed the existence of any established rule exempting consular offices from local taxation. The court, noting the lack of a clear-cut rule and that a treaty embodying the exemption had been recently drafted and was awaiting ratification in the Senate, held for the taxpayer. It permitted only partial recovery of back taxes, however, because of the taxpayer’s failure to file timely claims as required by the city’s Administrative Code. The case may be distinguished because there the assessors had authority to tax under State and Federal law (indeed, the right to exemption was not acknowledged by the Federal Government until two years before the proceeding commenced), and they had acted within their jurisdiction. The rationale was much the same as that which places the burden on a taxpayer to establish its right to an exemption. *270 By contrast, in this case it is claimed that the school district had no power to levy the tax.
Notwithstanding all of this, the school district contends that even if a plenary action may be maintained, a notice of claim is still required under subdivision 1 of section 3813.
There are two Appellate Division decisions affirming, without opinion, judgments of Small Claims Court in which compliance with the statute was required (see Cecere v Geneva Enlarged City School Dist., 84 AD2d 913; Rynders v City School Dist. of City of Geneva, 78 AD2d 1021) but, as plaintiff notes, several similar actions to recover illegally levied taxes have proceeded to successful conclusions without plaintiff’s pleading compliance with section 3813 and without the defendant asserting the statute as a defense (see Bethlehem Steel Corp. v Board of Educ., 44 NY2d 831, supra; Jones v City School Dist. of City of Geneva, 44 NY2d 831; Somarelli v Port Jervis Cent. School Dist., 71 AD2d 992; American-Russian Aid Assn. v City of Glen Cove, 41 Misc 2d 622, affd 23 AD2d 966). These actions were brought against school districts for refunds of void taxes and judgments were obtained in all of them without any mention of section 3813. The only express ruling on the subject by an appellate court is found in Matter of Troy Towers Redevelopment Co. v City of Troy (51 AD2d 173, supra), in which the court held without discussion that section 3813 did not apply in an action brought against this same school district for the recovery of a void tax levied against a redevelopment corporation. We affirmed on the opinion at the Appellate Division (41 NY2d 816, supra).
The legislative history of section 3813 supports what these decisions suggest. It is reviewed extensively in H & J Floor Covering v Board of Educ. (66 AD2d 588) and it indicates that the legislation was originally meant to apply to negligence actions in which the school districts could be surprised by suits to recover for unknown accidental injuries or faced with stale claims. In addition, we have held that the statute applies to contract claims (Matter of Board of Educ. [Wager Constr. Corp.], 37 NY2d 283, 289, supra). They also raise factual issues which a school district needs to investigate and which it should have an opportunity to *271 compromise following investigation and before litigation. But because an action for the return of a void tax raises only a legal issue for the court, there is no need for a prior notice of claim to allow for investigation, adjustment or administrative action (see Matter of Hospital Tel. Systems v State Tax Comm., 41 AD2d 576; Dun & Bradstreet, Inc. v City of New York, 276 NY 198, 206, supra). Indeed, it is inconsistent to insist that the taxpayer pursue an administrative remedy, thereby impliedly recognizing the jurisdiction of the district, at the same time it challenges the legality of the district’s action (see Matter of Diocese of Rochester v Planning Bd. of Town of Brighton, 1 NY2d 508, 519-520). The only purpose section 3813 can serve in an action such as this is to give the district notice of a claim of illegality and a potential lawsuit, and that is accomplished by the requirement that the taxpayer’s payment must be involuntary (see City of Rochester v Chiarella, 58 NY2d 316, supra; Mercury Mach. Importing Corp. v City of New York, 3 NY2d 418, 426, supra).
Accordingly, the order of the Appellate Division should be affirmed and the certified question answered in the affirmative.

 “No action or special proceeding, for any cause whatever, * * * relating to district property or property of schools * * * or claim against the district * * * or involving the rights or interests of any district * * * shall be prosecuted or maintained * * * unless it shall appear by and as an allegation in the complaint or necessary moving papers that a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district * * * within three months after the accrual of such claim, and that the officer or body having the power to adjust or pay said claim has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment.”