(February 24, 1986)

■ ROBERT ABRAMS, as Attorney-General of the State of New York, Plaintiff, v LONG ISLAND LIGHTING COMPANY, Respondent, and ARTHUR MALAUSSENA, as Assessor of the Town of Brookhaven, et al., Appellants, et al., Defendant. F. DANIEL MOLONEY, as Receiver of Taxes of the Town of Brookhaven, Plaintiff, v LONG ISLAND LIGHTING COMPANY, Respondent, and ARTHUR MALAUSSENA, as Assessor of the Town of Brookhaven, et al., Appellants, et al., Defendant.—In actions, *inter alia,* to sequester property, the appeal is from so much of an order of the Supreme Court, Suffolk County (Geiler, J.), dated July 13, 1984, as denied the additional counterclaim defendant-appellant's motions to dismiss the answers and counterclaims of Long Island Lighting Company (hereinafter LILCO), insofar as they are asserted against them.

Order reversed, insofar as appealed from, on the law, with costs, motions granted, and counterclaims dismissed, insofar as they are asserted against the appellants.

It is well established that Real Property Tax Law article 7 is the exclusive method of challenging an assessment on the

grounds that it is illegal, irregular, excessive or unequal *(see,* Real Property Tax Law § 706 [1]; *Matter of Dudley v Kerwick,* 52 NY2d 542; *Mercantile Natl. Bank v Mayor, Aldermen & Commonalty of City of N. Y.,* 172 NY 35; *People ex rel. New York & Harlem R. R. Co. v Board of Taxes & Assessments,* 166 NY 154; *Town of Harrison v County of Westchester,* 25 AD2d 759, *mod on other grounds* 18 NY2d 876). While LILCO argues that it has raised a challenge to the validity of the entire Brookhaven tax rolls for certain years, based upon the Assessor's use of an improper methodology in assessing real property in Brookhaven *(see, C.H.O.B. Assoc. v Board of Assessors,* 45 Misc 2d 184, *affd* 22 AD2d 1015, *affd* 16 NY2d 779; *Matter of 22 Park Place Coop. v Board of Assessors,* 102 AD2d 893; *Zinder v Board of Assessors,* 66 Misc 2d 150, *affd* 38 AD2d 836), a fair reading of the allegations contained in LILCO's answers and counterclaims fails to support such a claim. The gist of those allegations indicates that LILCO, in reality, is challenging its specific assessment on the grounds of illegality, inequality, and excessiveness—the same grounds upon which a Real Property Tax Law article 7 proceeding is based. LILCO, in its answers and counterclaims, has failed to identify with any particularity any "method" of assessment which it is attacking. Thus, any review of the assessments would necessitate inquiry into the Assessor's mental processes, judgments, and observations, an inquiry limited to article 7 proceedings *(see, C.H.O.B. Assoc. v Board of Assessors, supra; Matter of Bertholf v Cisco,* 72 Misc 2d 901, *affd* 45 AD2d 787; *Zinder v Board of Assessors, supra; Hillside Colony v Barbolt,* 86 Misc 2d 20). "Mere allegations, unsupported by evidentiary matter, that the attack is on the methods employed rather than individual evaluations, are not enough to relieve plaintiffs of the obligation to pursue their relief via the provisions of article 7 of the Real Property Tax Law" *(Samuels v Town of Clarkson,* 91 AD2d 836, 837). We have also considered LILCO's claims that it will not be able to obtain the relief requested in a proceeding pursuant to Real Property Tax Law article 7, and we reject those claims. Mangano, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.