**LONG ISLAND LIGHTING COMPANY, Plaintiff,**

v.

**TOWN OF BROOKHAVEN, NEW YORK, Arthur Malaussena, as Assessor for the Town of Brookhaven, New York, Harry Ostermann, as the Chairman and Donna Johnson, Audrey Stanzalie, Raymond Farmer, Jr. and Robert Reilly, as Members of the Board of Assessment Review for the Town of Brookhaven, Henrietta Acampora, as Supervisor of the Town of Brookhaven, F. Daniel Maloney as Receiver of Taxes for the Town of Brookhaven, County of Suffolk, Sondra Bachety, as the Presiding Officer of the Suffolk County Legislature, Elisabeth Taibbi, as the Clerk of the Suffolk County Legislature, and Shoreham–Wading River Central School District, Defendants.**

**No. CV 88–2376.**

United States District Court, E.D. New York.

Jan. 25, 1989.

Shea & Gould by John B. Grant, New York City, for plaintiff.

E. Thomas Boyle, Suffolk County Atty. by Robert H. Cabble, Hauppauge, N.Y., for Suffolk County defendants.

Murphy & Bartol, by Patrick M. Murphy, Jr., Mineola, N.Y., for Town of Brookhaven defendants.

Lewis & Greer, Poughkeepsie, N.Y., for defendant Shoreham–Wading River Central School District.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiff the Long Island Lighting Company ("LILCO") commenced this civil rights action to enjoin the establishment, certification or collection of certain taxes assessed against LILCO's Shoreham Nuclear Power Station. According to LILCO, the challenged tax assessment procedures violate New York law because they are based on unlawful *de facto* classifications. These classifications are argued to violate LILCO's constitutional rights.

On November 29, 1988 this Court held oral argument on LILCO's motion for a preliminary injunction and on defendants' motion to dismiss the complaint. As indicated in the transcript of that proceeding, the Court held that even assuming the presence of irreparable harm, LILCO had failed to show: (1) a likelihood of success on the merits; (2) the existance of sufficiently serious questions going to the merits to make them a fair ground for litigation or (3) that the balance of hardships tipped in LILCO's favor. Accordingly, LILCO's motion for a preliminary injunction was denied. *See Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir.1979).

Presently before the Court are defendants' motions to dismiss. In support of their various motions defendants argue: (1) that the Tax Injunction Act, 28 U.S.C. § 1341, deprives this Court of subject matter jurisdiction; (2) that this Court should abstain from exercising jurisdiction over this case; (3) that certain individual defendants are entitled to absolute legislative immunity; (4) that plaintiff's claims are barred by the statute of limitations and (5) that the failure to allege the existence of an unconstitutional custom or policy of the County of Suffolk renders the complaint defective as against that defendant. For reasons set forth more fully below, the Court holds that LILCO's claims are barred by the Tax Injunction Act. Accordingly, the complaint is dismissed and it is unnecessary to rule on defendants' remaining contentions.

## I. The Tax Injunction Act and Principles of Comity

The Tax Injunction Act, 28 U.S.C. § 1341, prohibits district courts from enjoining, suspending or restraining the "assessment, levy, or collection of any tax under state law where a plain, speedy and efficient remedy may be had in the courts of such state." 28 U.S.C. § 1341. The statute recognizes the need of the states to administer their own fiscal operations and is "first and foremost a vehicle to limit drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes." *Rosewell*

*v. LaSalle Nat'l Bank,* 450 U.S. 503, 522, 101 S.Ct. 1221, 1233, 67 L.Ed.2d 464 (1981).

As the statutory language indicates, the bar to the exercise of federal jurisdiction stands only if the state at issue provides a "plain, speedy and efficient remedy" to an aggrieved taxpayer. The Supreme Court has had occasion to construe the meaning of the phrase "plain, speedy and efficient remedy" and has adopted a narrow interpretation.

In *Rosewell v. LaSalle Nat'l Bank,* 450 U.S. 503, 101 S.Ct. 1221, 67 L.Ed.2d 464 (1981) the Court held that a state court remedy satisfies the statute if the remedy meets "certain minimal *procedural* criteria." *Rosewell,* 450 U.S. at 512, 101 S.Ct. at 1228 (emphasis in original). A state's remedy is procedurally "plain" if the refund procedure is "clear" and "certain." *Id.* at 517, 101 S.Ct. at 1231. A remedy is procedurally "efficient" if it "imposes no unusual hardship on [the taxpayer] requiring ineffectual activity or an unnecessary expenditure of time or energy." *Id.* at 518, 101 S.Ct. at 1231. The Court has recognized that the term "speedy" is a relative concept and, in light of the reality of court congestion, the *Rosewell* Court found that a two-year delay in obtaining a refund without interest was a "speedy" remedy within the meaning of the statute. *Rosewell,* 450 U.S. at 518–21, 101 S.Ct. at 1231–33.

In *Tully v. Griffin,* 429 U.S. 68, 97 S.Ct. 219, 50 L.Ed.2d 227 (1976) the Supreme Court considered whether New York state provides a plain, speedy and efficient remedy to amount of state taxpayer seeking to challenge a sales tax assessment. As an initial matter, the Court held that the mere fact that the non-resident taxpayer had to travel to New York to assert his rights did not render New York's remedy inadequate. *Tully,* 429 U.S. at 73, 97 S.Ct. at 222. In response to the taxpayer's claim that no procedural vehicle existed for determining whether the tax assessed is constitutional, the Court noted that the taxpayer was free, under New York law, to commence a declaratory judgment action to determine the constitutionality of the tax and that injunc-

tive relief was available in the context of such an action. *Id.* at 75, 97 S.Ct. at 223. Having thus found that New York provided a plain, speedy and efficient remedy to the taxpayer, the Court reversed the lower court's refusal to dismiss the complaint and held that the taxpayer's claims were barred by the Tax Injunction Act. *Id.* at 76–77, 97 S.Ct. at 224.

Similar principles were at issue in *423 South Salina Street v. City of Syracuse,* 566 F.Supp. 484 (N.D.N.Y.), *aff'd,* 724 F.2d 26 (2d Cir.1983). There, a taxpayer commenced a civil rights action seeking to prove that certain assessments made to its property were unconstitutional. As a threshold matter, the court noted that the broad remedial purpose of the Civil Rights Act does not necessarily preclude application of principles barring a federal court from deciding challenges to a state's system of taxation. *423 South Salina Street,* 566 F.Supp. at 490. Relying on the Supreme Court's decision in *Fair Assessment in Real Estate Ass'n, Inc. v. McNary,* 454 U.S. 100, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981), the court noted that principles of comity preclude the exercise of federal jurisdiction over a tax assessment challenge if there is a "plain, adequate and complete" remedy provided by the State. *423 South Salina Street,* 566 F.Supp. at 489. Since the "plain, adequate and complete" language referred to in *Fair Assessment* is given the same construction as the "plain, speedy and efficient" language referred to in the Tax Injunction Act cases, *see 423 South Salina Street,* 566 F.Supp. at 490 n. 6, the Court analyzed the claim from the point of view of cases decided under the Tax Injunction Act. *Id.* at 491.

Reviewing the procedures for challenging an assessment under New York law, the *423 South Salina Street* court noted the availability of the procedure pursuant to Article 7 of New York's Real Property Tax Law ("RPTL"). Although the court held the RPTL procedure to be inadequate, the court nevertheless held that New York provides a plain, adequate and complete remedy to an aggrieved taxpayer. Central to this determination was the Court's citation to the availability of: (1) pursuing a

civil rights action in the state courts; (2) commencing a declaratory judgment action and (3) seeking expedited review of official action pursuant to Article 78 of New York's Civil Practice Laws and Rules. *Id.* at 492. Having thus found that New York's remedies meet the minimal procedural criteria outlined in *Rosewell,* the Court dismissed plaintiff's complaint. On appeal, the Court of Appeals for the Second Circuit stated that it agreed "fully with the district court's treatment of [plaintiff's] Section 1983 claims" and, in particular, with that court's analysis of "the adequacy of [plaintiff's] remedies under New York Law." *423 South Salina Street v. City of Syracuse,* 724 F.2d 26, 27 (2d Cir.1983).

## II. *The Present Motion*

In the present case LILCO has taken advantage of several remedies available under New York law. Having failed in its attempts to achieve satisfaction, it commenced this federal action. Specifically, LILCO commenced and is currently engaged in litigating a proceeding pursuant to Article 7 of the RPTL ("the Article 7 Proceeding"). In addition, LILCO has been a party to *Abrams v. LILCO,* 117 A.D.2d 764, 499 N.Y.S.2d 97 (2d Dep't), *appeal dismissed,* 68 N.Y.2d 752, 506 N.Y.S.2d 1034, 497 N.E.2d 708, *motion for leave to appeal denied,* 69 N.Y.2d 601, 511 N.Y.S.2d 1027, 503 N.E.2d 695 (1986) (the "*Abrams* Litigation"). In the *Abrams* Litigation, the Attorney General of the State of New York commenced an action against LILCO seeking to sequester LILCO's property due to LILCO's non-payment of taxes. In the context of that action LILCO was unsuccessful in its attempt to pursue a counterclaim against the State of New York.

Referring to the "thicket of procedural rules and decisions" and "seemingly endless delay" that has characterized the Article 7 Proceeding, LILCO argues that the procedure under Article 7 is inadequate under the standards set forth by the Supreme Court. Although defendants do not concede the *per se* inadequacy of the Article 7 Proceeding, they argue that the availability of an Article 78 proceeding or a

declaratory judgment action makes New York's procedures adequate. LILCO counters that it has attempted to pursue these remedies in the context of the *Abrams* Litigation but that its efforts have been futile. Even assuming the inadequacy of the Article 7 Proceeding, the Court holds that the right to pursue a declaratory judgment action results in a finding that New York's remedies meet the minimal procedural criteria set forth in *Rosewell.*

New York courts have long held that a taxpayer may, in the context of a declaratory judgment action, state a constitutional claim by challenging the validity of an entire tax roll based upon a claim of improper methodology. *See Niagara Mohawk Power Corp. v. City School District of the City of Troy,* 59 N.Y.2d 262, 464 N.Y.S.2d 449, 452, 451 N.E.2d 207, 210 (1983); *Bloom v. Mayor of the City of New York,* 35 A.D.2d 92, 312 N.Y.S.2d 912, 916–17 (2d Dep't 1970), *aff'd,* 28 N.Y.2d 952, 323 N.Y.S.2d 436, 271 N.E.2d 919 (1971); *New York Public Interest Research Group, Inc. v. Board of Assessment Review of the City of Albany,* 104 Misc.2d 128, 427 N.Y.S.2d 665, 668 (Sup.Ct. Albany Cty.1979); *Zinder v. Board of Assessors of County of Nassau,* 66 Misc.2d 150, 320 N.Y.S.2d 594, 598 (Sup.Ct. Nassau Cty.1971), *aff'd,* 38 A.D.2d 836, 329 N.Y.S.2d 1017 (2d Dep't 1972). The proper prosecution of such an action affords the taxpayer a forum in which all constitutional claims may be raised. *Accord Tully,* 429 U.S. at 75, 97 S.Ct. at 223; *Hickmann v. Wujick,* 488 F.2d 875, 876 (2d Cir.1973) (per curiam); *423 South Salina Street,* 566 F.Supp. at 492. Moreover, a declaratory judgment action can be commenced even if a proceeding pursuant to Article 7 of the RPTL is also being litigated. *New York Public Interest Research Group, Inc.,* 427 N.Y.S.2d at 669.

According to LILCO, its experience in the *Abrams* Litigation proves that declaratory relief is unavailable in New York's courts. That argument, however, is unsupported by the record. LILCO claims that in the context of the *Abrams* Litigation it properly raised its constitutional challenges in its answer and counterclaims. The Ap-

pellate Division of the Supreme Court (the "Appellate Division") disagreed and dismissed LILCO's counterclaims. *See Abrams,* 499 N.Y.S.2d at 98.

Specifically, the Appellate Division held that LILCO had not properly pled its wrongful methodology claim and, instead, stated only a claim for a wrongful assessment. *Id.* Since a bare wrongful assessment claim is cognizable only in the context of a proceeding brought pursuant to Article 7 of the RPTL, the Appellate Division dismissed LILCO's counterclaims. *Id.* Such a ruling was completely in line with New York cases stressing the importance of properly pleading a wrongful methodology claim to escape the exclusivity of the Article 7 proceeding. *See, e.g., Samuels v. Town of Clarkson,* 91 A.D.2d 836, 458 N.Y.S.2d 392, 393 (4th Dep't 1982) (wrongful methodology claim improperly pled); *New York Public Interest Research Group, Inc.,* 427 N.Y.S.2d at 668–69 (wrongful methodology claim properly pled); *Bertholf v. Cisco,* 72 Misc.2d 901, 339 N.Y.S.2d 798, 801 (Sup.Ct. Sullivan Cty.1973), *aff'd,* 45 A.D.2d 787, 357 N.Y.S.2d 1023 (3d Dep't 1974) (wrongful methodology claim improperly pled).

Although LILCO sought to appeal the Appellate Division's ruling to the state's highest court, leave to appeal was denied, *see Abrams v. LILCO,* 68 N.Y.2d 752, 506 N.Y.S.2d 1034, 497 N.E.2d 708 (1986) (dismissing appeal); 69 N.Y.2d 601, 511 N.Y.S.2d 1027, 503 N.E.2d 695 (1986) (denying leave to appeal), and LILCO sought no further review in the Supreme Court of the United States. While LILCO may be right when it states that it properly pled its constitutional claims in the *Abrams* Litigation, the fact of the matter is that the Appellate Division disagreed with LILCO. This Court does not sit as a court of appeals over the Appellate Division and may not delve into the merits of that court's decision.

The only question before this Court is whether New York's system provides a procedural remedy sufficient to warrant application of the Tax Injunction Act. It is not this Court's function to determine whether the application of that procedure results in a proper adjudication in every case. The "taxpayer's failure to win in state court or to use the remedy properly does not negate the existance of the remedy." *Sacks Brothers Loan Co., Inc. v. Cunningham,* 578 F.2d 172, 175 (7th Cir. 1978). Accordingly, this Court holds that despite the dismissal of LILCO's counterclaims in the *Abrams* Litigation, a declaratory judgment action is a remedy that may be pursued in New York's courts to decide a taxpayer's constitutional claims. Since such an action affords a taxpayer the forum he seeks, New York provides a plain, speedy and efficient remedy within the meaning of the Tax Injunction Act.

## CONCLUSION

The Tax Injunction Act bars this Court from considering the merits of LILCO's claims. Defendants' motions to dismiss are granted and LILCO's complaint is dismissed.

SO ORDERED.