Matter of Downing ST LLC v Soliman (2023 NY Slip Op 06804)

Matter of Downing ST LLC v Soliman

2023 NY Slip Op 06804

Decided on December 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 28, 2023

Before: Kern, J.P., Oing, Gesmer, Moulton, Mendez, JJ. 

Index No. 160730/21 Appeal No. 1298 Case No. 2022-05660 

[*1]In the Matter of Downing ST LLC, Petitioner-Appellant,
v
Sherif Soliman etc., et al., Respondents-Respondents.

Goldberg & Bokor, LLP, Cedarhurst (Scott Goldberg of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Joseph Kroening of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Frank P. Nervo, J.), entered on or about September 21, 2022, denying the petition to vacate a determination of the New York City Department of Finance (DOF), dated August 2, 2021, which denied petitioner's request to change the tax class of its property for the fiscal year 2018, and for an order declaring that DOF must adjust the property's assessments and taxes from fiscal year 2019 through fiscal year 2022, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Article 7 of the Real Property Tax Law provides the exclusive procedure for review of property assessments, unless otherwise provided by law (see Niagara Mohawk Power Corp. v City School Dist. of City of Troy, 59 NY2d 262, 268 [1983]). Petitioner seeks to challenge the method and criteria DOF used to classify its property for fiscal year 2018 and alleges that the resulting classification was incorrect. That claim should have been raised in an article 7 proceeding (see RPTL 706 [1]; Niagra Mohawk at 268; Matter of 9 Orchard Partners, LLC v New York City Dept. of Fin., 204 AD3d 527, 527-528 [1st Dept 2022]). In this article 78 proceeding, petitioner challenges the denial of its application seeking a change of classification based on a clerical error or error of description (see Administrative Code of City of NY § 11-206). While petitioner alleges a "clerical error," the petition does not set forth sufficient allegations to establish that the alleged misclassification resulted from any clerical error (see 9 Orchard Partners at 527-529; cf. Matter of Better World Real Estate Group v New York City Dept. of Fin., 122 AD3d 27 [2d Dept 2014]).
We have considered petitioner's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 28, 2023