FRANCES ARNOLD, as Administratrix of the Estate of JOHN ARNOLD, Deceased, Respondent, v. MAYAL REALTY COMPANY, INC., et al., Defendants, and JOHN J. MEENAN, INC., Appellant.

Submitted February 21, 1949; decided April 14, 1949.

*Joseph Kane* for appellant. I. An action against appellant is barred by the Statute of Limitations. (*Cohen* v. *Steigman,* 249 App. Div. 819; *Mossip* v. *Clement & Co.,* 283 N. Y. 554; *Gray* v. *Vought & Co.,* 216 App. Div. 230, 243 N. Y. 585; *Johnson* v. *Phœnix Bridge Co.,* 197 N. Y. 316; *Sapone* v. *New York Central & Hudson Riv. R. R. Co.,* 130 Misc. 755; *MacFarland* v. *State of New York,* 177 Misc. 117; *Slocum* v. *State of New York,* 177 Misc.

114.) II. The action was not commenced against appellant before the two-year Statute of Limitations had run. (*Paterno* v. *Eager,* 179 Misc. 989; *Schram* v. *Keane,* 279 N. Y. 227; *Gray* v. *Vought & Co.,* 216 App. Div. 230, 243 N. Y. 585; *Crossman* v. *Consolidated Edison Co. of N. Y.,* 48 N. Y. S. 2d 701; *Harriss* v. *Tams,* 258 N. Y. 229; *Moses* v. *Benjamin,* 185 Misc. 50; *Matter of Callahan,* 262 App. Div. 398.) III. The proposed supplemental summons and proposed amended complaint served with the motion papers were not a summons and complaint as against appellant. (*Rockefeller* v. *Hein,* 176 Misc. 659; *Bowler* v. *Ennis,* 46 App. Div. 309; *Zurich Gen. Accident & Liability Ins. Co.* v. *Watson Elevator Co.,* 253 N. Y. 404; *Currie* v. *International Magazine Co.,* 256 N. Y. 106.)

*Andrew M. Lawler* for respondent. The action against appellant is not barred by the Statute of Limitations. (Civ. Prac. Act, § 16; *Prudential Ins. Co.* v. *Stone,* 270 N. Y. 154; *New York Central & Hudson Riv. R. R. Co.* v. *Kinney,* 260 U. S. 340; *Schram* v. *Keane,* 279 N. Y. 227.)

DYE, J. The within action to recover for the wrongful death of plaintiff's intestate was commenced in June, 1945, against the defendants, Mayal Realty Company, Inc., and Julius Weiss, doing business as Weiss Pulp Produce Company, and issue was joined by the filing of their answers on June 27, 1945, and June 29, 1945. Thereafter on January 22, 1947, exactly two years from date of decedent's death, the plaintiff served a notice of motion for leave to bring in John J. Meenan, Inc., the appellant here as an additional defendant and for leave to issue and serve a supplemental summons and amended complaint on the said John J. Meenan, Inc., and the defendants, Mayal and Weiss. The motion was returnable January 30, 1947. The Special Term, by order entered March 17, 1947, granted the motion and thereafter on May 29, 1947, the supplemental summons and amended complaint were served on the appellant Meenan as an additional defendant who now challenges such service as untimely because not made within two years after decedent's death. (Decedent Estate Law, § 130.) Upon appeal, the Appellate Division, by a divided court, found that annexation of the proposed supplemental summons and amended complaint to the moving papers was notice to the defendant of the plaintiff's claim against it

and served to extinguish the reasons for the Statute of Limitations. A liberal rule of construction was then applied to hold the service timely. It granted leave to appeal to this court and certified the question: " Was the action commenced against appellant before the 2 years Statute of Limitations had run? "

We must reject the construction adopted by the court below as unwarranted and unauthorized. A Statute of Limitations is not open to discretionary change by the courts, no matter how compelling the circumstances (*Gregoire* v. *Putnam's Sons*, 298 N. Y. 119) and when given its intended effect such a statute is one of repose, and experience has shown that the " occasional hardship is outweighed by the advantages of outlawing stale claims." (*Schmidt* v. *Merchants Desp. Transp. Co.*, 270 N. Y. 287, 302; *Jackson ex dem. Bleecker* v. *Wiseburn*, 5 Wend. 136; *Wait* v. *Van Allen*, 22 N. Y. 319; *People ex rel. Northchester Corp.* v. *Miller*, 288 N. Y. 163, 166.)

The service of the motion papers cannot be enlarged beyond their express scope which was to bring in Meenan as an additional defendant. The annexed supplemental summons and amended complaint were evidentiary in nature and offered in support of the motion. Even though they had not been defective as they were here for lack of Meenan's name as a defendant in the respective titles (Rules Civ. Prac., rule 45) and even though treated as a notice of the existence of the claim, such annexation is not a substitute for nor is it equivalent to service of process contemplated by the statute necessary to commence an action. The service of the supplemental summons and amended complaint when made May 29, 1947, on the additional defendant, Meenan, came too late to satisfy the statute and was irretrievably barred. (Decedent Estate Law, § 130; Civ. Prac. Act, § 16.) This is not a situation involving a mistake, omission, defect or irregularity such as may be corrected upon proper showing that a substantial right of a party shall not thereby be prejudiced (Rules Civ. Prac., rule 105) but goes to the jurisdiction of the court which depends on constitutional or statutory authority.

To answer the question certified in the negative is not contrary to our decision in *Prudential Ins. Co.* v. *Stone* (270 N. Y. 154) which had to do with whether the beneficiary wife of a deceased insured was a party united in interest with him within the

meaning of the statute and having held that she was, service of process upon her within a one-year time limitation for contesting liability, was deemed proper. The granting of a provisional remedy prior to the service of a summons, while deemed the commencement of an action, will nevertheless fail if the service of the summons thereafter is untimely. (*Schram* v. *Keane,* 279 N. Y. 227.) The applicable statutes as we read ·them (Decedent Estate Law, § 130; Civ. Prac. Act, §§ 16, 218, 219) are not open to discretionary construction but must be read and applied according to the express language used. Any other view would lead to confusion and uncertainty.

The orders should be reversed and the motion denied, with costs in all courts, and the question certified answered in the negative.

LEWIS, CONWAY, DESMOND, FULD and BROMLEY, JJ., concur: LOUGHRAN, Ch. J., taking no part.

Orders reversed, etc.