JAMES VASTOLA, Individually and as Administrator of the Estate of JAMES VASTOLA, III, Deceased, Respondent, v RICHARD MAER et al., Appellants.

Second Department, July 14, 1975

*Evans, Orr, Pacelli, Norton & Laffan, P. C. (Walter G. Evans and Alfred V. Norton, Jr.,* of counsel), for Richard Maer and another, appellants.

*Gordich, Cohen & DeLucia (Bernard Meyerson* of counsel), for Shelia Francis and another, appellants.

*Costantino & Napolitano (Peter J. Napolitano* of counsel), for respondent.

RABIN, Acting P. J. The defendants appeal from an order of the Supreme Court, Richmond County, which granted the plaintiff's motion to remove the case from the Civil Court of the City of New York to the Supreme Court, Richmond County, to amend the complaint to set forth a cause of action for wrongful death and to increase the amount of damages requested. The order should be affirmed, with $20 costs and disbursements jointly against appellants appearing separately and filing separate briefs.

Following an automobile accident which occurred on July 10, 1971, the plaintiff brought this action in the Civil Court of the City of New York, Richmond County, on May 24, 1972, alleging negligence on the part of the defendants and requesting a total of $14,000 damages for injury to personal property, for personal injuries sustained by his son, James Vastola III,

aged 16, and for consequential damages sustained by the plaintiff father. It is alleged that the two automobiles of the defendants collided, sending one of them into the parked automobile in which young Vastola was sitting. It is conceded that he died of leukemia on August 14, 1972. On June 25, 1974, the plaintiff, as administrator of his son's estate, moved in the Richmond Supreme Court for leave to amend the complaint so as to assert an action for wrongful death, to increase the amount of damages requested by the plaintiff, both as administrator and parent, and to remove the case from the Civil Court to the Supreme Court, which would have jurisdiction over the increased amount claimed. The motion was brought by order to show cause dated June 28, 1974, with return date July 9, 1974. The motion papers, including the proposed amended complaint, were served on or about June 28, 1974. By order dated September 5, 1974, Special Term granted the motion in all respects and required that the amended complaint be served within 20 days after entry of the order. Although it does not appear from the record exactly when each defendant was served with the amended complaint pursuant to the order, no claim is made that the 20-day limitation was not complied with. Defendants Maer assert that service was made October 18, 1974.

On this appeal the defendants argue that the order should be reversed on the ground that the wrongful death cause of action asserted in the amended complaint is barred by the applicable two-year Statute of Limitations (EPTL 5-4.1). This Statute of Limitations begins to run at the decedent's death (Aug. 14, 1972) and in this case would bar any claim interposed after August 14, 1974. The motion for leave to amend was made June 28, 1974, about a month and a half prior to the expiration of the two-year period, and the return date of the motion, July 9, 1974, was over a month prior to the expiration date. However, Special Term did not grant leave to amend until September 5, 1974, 22 days following the last day to interpose a claim under the statute. Of course, the amended complaint was served pursuant to the order sometime later still.

The initial question posed is: When is a claim, asserted for the first time in a complaint amended by permission, "interposed" (CPLR 203) so as to stop the running of the Statute of Limitations? Apparently, the precise issue involved is not covered by statute and has not been previously decided. The

CPLR informs that a claim asserted in an amended pleading will relate back to the date of interposition of the original pleading if the required notice of the occurrence in question was given in the original pleading (CPLR 203, subd [e]). However, there is no provision establishing when a claim asserted in an amended complaint is interposed in the absence of, or disregarding, such notice. Neither is there controlling case law on the point.

The defendants argue that such a claim is not interposed until the service of the amended complaint pursuant to leave. If this is so, the claim for wrongful death was not interposed until after September 5, 1974, and, unless held to have related back to an earlier date, would be barred by the Statute of Limitations. The plaintiff argues that the claim is interposed when the motion for leave to amend is made, and the supporting papers, including the proposed amended complaint, are served. If this is the rule, the wrongful death claim was interposed on June 28, 1974 and would be timely.

From the dates involved, it can be seen that the weakness of the defendants' theory is that, whether the plaintiff may timely serve the amended complaint depends upon the speed with which the court decides the motion for leave to amend. If the motion had been decided shortly after the return date, the plaintiff could have served the amended complaint before the expiration of the two-year time period.

The purpose of the Statute of Limitations is to force a plaintiff to bring his claim within a reasonable time, set out by the Legislature, so that a defendant will have timely notice of a claim against him, and so that stale claims, and the uncertainty they produce, will be prevented. In order to prevent uncertainty on the part of either the plaintiff or the defendant, it is desirable that the date by which a claim must be made, and the manner in which the defendant must be notified of a claim so as to stop the statute, should be certain. The purpose of the statute is in no way served by a rule which would place the plaintiff in a position whereby the timeliness of his claim would depend upon the speed with which a court decides a motion. In the present case the defendant had notice of the claim before the expiration of the Statute of Limitations when the supporting papers containing the proposed amended complaint were served, and we find that this is the most appropriate time to deem a claim asserted in an amended complaint to be "interposed" so as to stop the

Statute of Limitations. As compared with other possibilities (i.e., the date of service of the amended complaint following leave to amend, the date of the decision to allow leave to amend and the return date of the motion), deeming the claim to be interposed on the date the motion is made and the proposed amended complaint served has the advantage of being certain and completely within the plaintiff's control, not subject to the vagaries of calendar practice or calendar congestion. That the claim be deemed interposed at this point is also appropriate since service of the proposed amended complaint with the notice of motion gives the defendant notice of the claim.

Holding that a claim in an amended complaint is interposed only when the amended complaint is served pursuant to order would also create a procedural trap. Since neither the three-year Statute of Limitations for personal injuries, nor the two-year wrongful death statute, had expired when the plaintiff served his motion for leave to amend the complaint, the plaintiff could have simply served a summons in another plenary action claiming wrongful death and then have moved for consolidation or a joint trial. If consolidation were granted, the plaintiff would have stopped the statute and been in the same position as if the motion to amend the complaint were granted. Whether by notice of motion including the proposed amended complaint, or by separate summons and complaint in another plenary action, the defendant receives notice of the claim at the same time, and there is no reason for the Statute of Limitations to constitute a defense in one case and not in the other.

In light of the above, we hold that where a court grants permission to serve an amended complaint and both the notice of motion and the proposed amended complaint are served (whether or not simultaneously) upon the defendant prior to the expiration of the applicable Statute of Limitations, the claim asserted in the amended complaint is interposed at service of the proposed amended complaint. We leave for another day, or for the Legislature, the problem of determining the date of interposition of a claim in an amended complaint when only a notice of motion is served prior to the expiration of the Statute of Limitations.

In urging a contrary holding, the defendants rely heavily upon *Arnold v Mayal Realty Co.* (299 NY 57). In *Arnold,* the plaintiff had commenced an action for wrongful death and

sought to bring in an additional defendant. Exactly two years from the date of the decedent's death, the potential defendant was served with a notice of motion for leave to serve a supplemental summons and an amended complaint. The proposed supplemental summons and amended complaint were served with the notice of motion as supporting papers and the motion was returnable eight days later, after the expiration of the two years. Special Term granted the motion and the supplemental summons was served thereafter. The Court of Appeals held that the claim was interposed against the additional defendant when, after Special Term's order, the supplemental summons and the amended complaint were served upon him. The supplemental summons and the amended complaint served with the notice of motion were considered to be merely "evidentiary in nature" (p 60) and the claim against the new defendant was held barred by the Statute of Limitations. Whatever the validity of that holding following the enactment of the liberal amendment provisions of the CPLR, we find the *Arnold* holding distinguishable in that it applies to bringing in an additional defendant, a party never before served, as opposed to amending a complaint against someone who has previously been served and is already well aware that he is a defendant. Moreover, the return date of the motion in *Arnold* was after the expiration of the statute, and the Court of Appeals did not have the opportunity in that case, as we do here, of assessing the impact of court delay on the Statute of Limitations.

In addition to the claim being timely because of its interposition prior to the expiration of the Statute of Limitations, we find that the Statute of Limitations is no bar in the present case since the claim asserted in the amended complaint also *relates back* to the original pleading, under CPLR 203 (subd [e]). Although the matter is not altogether free from doubt, we find the original pleading did give the defendants "notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading" (CPLR 203, subd [e]). While no mention was made of the decedent's exposure to gasoline until it was set forth in the amended complaint, the alleged exposure was part of the same transaction, the accident, of which the original pleading had given notice.

The defendants also argue that even if the wrongful death

claim is not barred by the Statute of Limitations, the papers supporting the motion to amend the complaint and to increase the damages were insufficient. As to the increase in damages, assuming that leave to amend the complaint was properly granted, we do not find that Special Term abused its discretion. The decision to allow amendment of the complaint is also within the discretion of Special Term and this discretion is properly exercised where the plaintiff submits an affidavit of a physician establishing the causal connection between the death and the occurrence *(Hollister v Mohawk Val. Gen. Hosp.,* 43 AD2d 802; *Robbins v Healy,* 35 AD2d 850). In the present case, the plaintiff submitted his own affidavit, the affidavit of his attorney and the affidavit of his physician. The physician's affidavit states that he "obtained a history" of the accident indicating that as a result of the accident the decedent inhaled gasoline for approximately 45 minutes and that his clothing was drenched with gasoline. A fair reading of the physician's affidavit is that he concluded that such an exposure caused "hydrocarbon toxicity" in the boy and that this was the cause of his death by leukemia.

A fair reading of the father's affidavit is that the father states that gasoline spilled from either a ruptured gas tank or gas line and that his son was saturated with that gasoline and absorbed the fumes. With these allegations in the supporting affidavits, Special Term did not abuse its discretion in allowing the amendment. However, in so holding we do not imply that the allegations are sufficient to withstand a motion for accelerated judgment. The showing necessary to uphold the discretion of a court in allowing an amended complaint is different from the showing necessary to withstand summary judgment or dismissal for no cause of action. In the present case, the extent to which the plaintiff can support the fair reading of the complaint would be more appropriately determined upon trial, or upon a motion for accelerated judgment, than upon the even more preliminary motion to amend the complaint. Where the record affords sufficient information for an informed decision, as in the Statute of Limitations question herein, we see no reason to proliferate motion practice "through avoiding coming to grips with the substantial question" *(East Asiatic Co. v Corash,* 34 AD2d 432, 434). However, where the papers adequately support a motion for leave to amend, but are not sufficiently full to support a decision on a matter of substance, we find the better practice is to allow

amendment, with leave to a party so desiring to raise the substantive issue at a later date.

MARTUSCELLO, J. (dissenting). An action for personal injuries on behalf of James Vastola III, and by his father, James Vastola, for medical expenses and property damage, arising out of an automobile accident, was originally brought in the Civil Court of the City of New York, Richmond County. Almost two years after James Vastola III's death from leukemia, his father, as administrator, moved in the Supreme Court to have the action removed to that court, to amend the complaint to add an action for wrongful death, and to increase the *ad damnum* clause. In support of the motion an affidavit by the father was submitted which merely *referred,* for the *first time,* to the son's alleged exposure to gasoline following the accident. Also submitted in support of the motion was an affidavit of a medical expert which stated that with a reasonable degree of medical certainty the boy's death from leukemia was causally related to his exposure to gasoline following the accident. Despite vigorous opposition from the appellants Special Term granted the motion.

While I am mindful of the fact that leave to amend should be freely given (CPLR 3025, subd [b]), I feel that the papers submitted in support of this belatedly asserted motion were insufficient, as a matter of law, in that they failed to establish *to any degree* the fact of the decedent's exposure to gasoline following the accident (cf. *East Asiatic Co. v Corash,* 34 AD2d 432). The affidavits submitted in support of the motion are simply devoid of facts that would lead one to that conclusion. For this reason, the order should be reversed and the motion should be denied.

COHALAN and BRENNAN, JJ., concur with RABIN, Acting P. J.; MARTUSCELLO, J., dissents and votes to reverse and deny the motion in an opinion, in which MUNDER, J., concurs.

Order of the Supreme Court, Richmond County, dated September 5, 1974, affirmed, with $20 costs and disbursements jointly against appellants appearing separately and filing separate briefs.