■ HELEN ZIRKER, Individually and as Executrix of JOSEPH ZIRKER, Deceased, Respondent, v MAJORI REALTY Co. et al., Appellants, et al., Defendants. (And a Third-Party Action.)—In a negligence action to recover damages for personal injuries sustained by plaintiff's decedent, the Majori Realty Co. and Consolidated Edison Company of New York appeal, as limited by their briefs, from so much of an order of the Supreme Court, Kings County, dated November 13, 1975, as granted the branch of plaintiff's motion which sought to amend the complaint by adding thereto a cause of action for wrongful death. Order reversed insofar as appealed from, with one bill of $50 costs and disbursements jointly to appellants, and motion denied insofar as it sought leave to amend the complaint by adding a cause of action for wrongful death. The affidavits in support of the motion failed to show any causal relationship between the accident and the death. Thus, Special Term abused its discretion in granting leave to add a cause of action for wrongful death (see *Vastola v Maer,* 48 AD2d 561). Gulotta, P. J., Hopkins, Latham, Shapiro and Hawkins, JJ., concur.

■ In the Matter of GERALD N. BLETSCH, Petitioner, v LOUIS J. FRANK, as Commissioner of Police of the County of Nassau, Respondent.—Proceeding pursuant to CPLR article 78 to review so much of a determination of the respondent Commissioner of Police of Nassau County, dated January 15, 1976 and made after a hearing, as found petitioner guilty of Specifications Nos. 2 and 3 and reprimanded him as to Specification No. 2 and fined him two days' pay as to Specification No. 3. Petition granted to the extent that the determination is modified, on the law, by annulling the finding of guilt as to Specification No. 3, and the penalty imposed thereon is vacated. As so modified, determination confirmed insofar as reviewed, without costs or disbursements. We do not find substantial evidence in the record to sustain the finding that petitioner violated the rules and regulations as charged in Specification No. 3. The record shows that petitioner was relieved from his post before he had a reasonable opportunity to notify his desk officer or signal monitor. Gulotta, P. J., Shapiro and Hawkins, JJ., concur; Hopkins and Latham, JJ., dissent and vote to confirm on the ground that the record contains substantial evidence to support the determination.