Edward S. Conway, J.
These are three motions by the defendants, Comptroller of the State of New York, County of Albany and the City of Albany, pursuant to CPLR 3211 (subd [a], pars 3, 5, 7), for an order dismissing the complaint herein on the grounds that plaintiffs lack legal capacity to sue the County and City of Albany, that the action is barred by the Statute of Limitations, and that the complaint fails to state a cause of action; or, in the alternative, for an order pursuant to CPLR 1003 dismissing the action for failure to join necessary parties whose rights would be affected; and further, for an order dismissing the complaint on the ground of loches.
*671 The plaintiffs oppose the motions to dismiss their complaint and cross-move for summary judgment for the relief demanded in the complaint.
The action on which the instant motions and cross motion are predicated was brought by the plaintiffs, New York Public Interest Research Group, Inc., Leon Wein and Donald Ross, for a declaratory judgment that the South Mall agreement, executed May 11, 1965 between the State of New York, the County of Albany and the City of Albany, is void as creating a debt of the State of New York in violation of section 11 of article VII of the New York State Constitution; and further seeks an injunction restraining defendant Levitt from disbursing State funds to Albany County as rental payments or supplemental payments pursuant to the contract.
The said South Mall agreement, enacted pursuant to section 850 of the County Law, provided for the acquisition of land in the City of Albany by the State and its transfer to the County of Albany, on which land the county was to construct certain public improvements (State office buildings, museum and auditorium facility) to the specifications of the State and for which purpose the State Superintendent of Public Works was designated the agent of the county. The construction was to be financed by the issuance of general obligation bonds of Albany County and rentals were to be paid by the State to the county for a period of 40 years equal to the principal and interest on the indebtedness contracted by the county, after which the title to the property would vest in the State. Eight office buildings, a museum and auditorium, parking garages and related service areas have been built and occupied under the lease, and since 1965 the County of Albany has issued $925,000,000 in bonds, of which $768,000,000 is still outstanding as of January 1, 1977.
The defendants movants contend that the applicable Statute of Limitations is six years and that that statute barred this action after 1971.
Plaintiffs contend, on the other hand, that the payments constitute a continuing wrong and that each payment creates a new cause of action from which the Statute of Limitations runs anew, and further, plaintiffs have lacked standing to institute this lawsuit prior to the Court of Appeals decision in the case of Boryszewski v Brydges (37 NY2d 361, supra) in 1975, and the adoption of article 7-A of the State Finance Law in 1975.
*672 The court must agree with the contentions of the defendants movants. The contract itself is alleged to create an unconstitutional debt of the State, and not the rental payments. Therefore, the cause of action arose on the execution of the contract and runs from that date. The annual payments do not extend the Statute of Limitations beyond May 11, 1971.
Although citizens-taxpayers had no cause of action as such until the Court of Appeals decision in Boryszewski v Brydges (supra) and the enactment of article 7-A of the State Finance Law, they did have the right to sue in the City and County of Albany under section 51 of the General Municipal Law for many years prior to 1975 and any eligible taxpayers could have sued the said city and county at any time since the execution of the contract.
This points up, in this court’s opinion, the most serious objection of all to the complaint and one on which it must fall —the doctrine of loches. Our own Appellate Division, Third Department, has held that a petitioner cannot indefinitely postpone the time to seek relief by delaying the demand. (Matter of Amsterdam City Hosp. v Hoffman, 278 App Div 292.) A party plaintiff is bound to promptly make his demand for relief or be denied relief on the ground of loches. (Matter of Kleinman v Kaplan, 20 AD2d 594.) Here, we have a delay of 12 years in the commencement of an action. Since the contract was entered into in 1965, $925,000,000 in bonds have been issued and sold to investors. $768,000,000 in bonds are still outstanding. The county pledged the revenues from the contract rentals as security for the bonds. Plaintiffs’ action would now deprive those investors of that security, and further, if plaintiffs were to be successful, the County of Albany will be far beyond its debt limit and unable to borrow money for essential purposes. Further, a huge complex of office buildings, museum and auditorium has been built which would be valueless for the most part to anyone except the State of New York. The action has been too long delayed. The rights of too many other parties have been created. This is the classic situation where equity clearly demands that this action be barred by loches.
The motions of the defendants are therefore granted and the complaint is dismissed. The cross motion of the plaintiffs for summary judgment is accordingly denied.