■ NEW YORK PUBLIC INTEREST RESEARCH GROUPS, INC., et al., Appellants, v ARTHUR LEVITT, as Comptroller of the State of New York, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered July 14, 1977 in Albany County, which dismissed plaintiffs' complaint seeking declaratory and injunctive relief. On April 15, 1977, plaintiffs commenced this action to declare void the South Mall agreement, dated May 11, 1965, made by the State of New York, the County of Albany and the City of Albany, pursuant to which the construction of the State office complex located in downtown Albany, known as the Empire State Plaza (formerly the South Mall), was financed through bonds issued by the County of Albany. Plaintiffs assert the agreement is invalid in that it was made in violation of the constitutional prohibition barring the State from incurring debts in the absence of a law authorizing the debt which has been

submitted to the voters at a general election (NY Const, art VII, § 11). Plaintiffs also sought to permanently restrain the Comptroller from disbursing State tax funds to the County of Albany for rental and for supplemental payments specified in the agreement. Special Term granted defendants' motion to dismiss the complaint upon the grounds that the action was barred by the Statute of Limitations and that plaintiffs were guilty of laches. Plaintiffs contend that no Statute of Limitations is applicable to actions challenging unconstitutional governmental conduct and that, since they lacked standing until the decision in *Boryszewski v Brydges* (37 NY2d 361) in 1975 and the adoption of article 7A of the State Finance Law in 1975, the statute could not have run. As to plaintiffs' first contention, we agree with the findings of Special Term that the six-year Statute of Limitations is applicable (CPLR 201, 213, subd 1). "The purpose of the Statute of Limitations is to force a plaintiff to bring his claim within a reasonable time, set out by the Legislature, so that a defendant will have timely notice of a claim against him, and so that stale claims, and the uncertainty they produce, will be prevented" *(Vastola v Maer,* 48 AD2d 561, 564, affd 39 NY2d 1019). Application of the Statute of Limitations in this case clearly serves this purpose. It is to be noted that a Statute of Limitations does not have the effect of curing the underlying wrong, but rather extinguishes the right to judicial relief *(Matter of Paver & Wildfoerster [Catholic High School Assn.],* 38 NY2d 669, 676). The statute bars only the remedy, it does not cure the alleged unconstitutionality. The fact that the conduct in question is allegedly unconstitutional is irrelevant. Plaintiffs' second claim that the Statute of Limitations, if applicable, could not have run because they did not acquire the right to sue until 1975 must be rejected. First, the contract itself is alleged to have created an unconstitutional debt of the State and not the rental agreements. Therefore, the cause of action arose on the execution of the contract and the annual payments do not extend the Statute of Limitations beyond that date. Secondly, here, citizen taxpayers of the County and the City of Albany had the right to sue the city and county under section 51 of the General Municipal Law at any time since the execution of the contract in 1965. Such eligible taxpayers, if successful in a suit challenging the validity of the contract, would have invalidated the South Mall agreement, and the State and the municipalities would have had no obligation to perform the agreement. The result sought here could have been timely achieved by such a local taxpayers' action. The effect of the 1975 judicial and legislative changes was to expand to other persons an already existing remedy. However, the passing of the Statute of Limitations extinguished the local taxpayers' right to bring an action. Nothing in article 7-A of the State Finance Law indicates that it was intended to revive the running of the Statute of Limitations in such a case. The Legislature used the term "hereafter" in the statute, indicating that the new right of action created should have only prospective application (State Finance Law, § 123, eff Sept. 1, 1975; General Construction Law, § 23). There is nothing in *Boryszewski v Brydges (supra)* that requires its application to the present circumstances, especially where the effect would be to revive a cause of action barred by the Statute of Limitations. Special Term properly held that the Statute of Limitations ran as to plaintiffs' cause of action. We further find that Special Term properly held that plaintiffs' cause of action is barred by laches. Plaintiffs are seeking essentially equitable relief. Under the facts herein, the action is barred regardless of the applicability of the Statute of Limitations (see 2 Carmody-Wait 2d, NY Civ Prac, §§ 13:5, 13:33; 36 NY Jur, Limitations and Laches, § 154). The essential element of laches is delay

prejudicial to the opposing party *(Matter of Barabash,* 31 NY2d 76, 81; *Weiss v Mayflower Doughnut Corp.,* 1 NY2d 310, 318). The prejudice here is clear. Since the contract was entered into in 1965, $925,000,000 in bonds have been issued and sold to investors. The construction of the South Mall is virtually completed. It is primarily suited to State use and the State occupies most of the offices. Each day of delay resulted in further construction costs, further sale of bonds and increased financial obligations for the County of Albany. Plaintiffs herein waited over 21 months from the date of the decision in *Boryszewski v Brydges (supra)* (July 2, 1975) before commencing this action. Plaintiffs, under all the applicable facts and circumstances present in the instant action, did not act diligently in asserting their rights in prosecuting this action for declaratory and injunctive relief. Judgment affirmed, with costs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur. [90 Misc 2d 670.]