■ ROOSEVELT & CROSS, INC., et al., Appellants, v COUNTY OF ALBANY, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered December 27, 1978 in Albany County, which granted a motion by the defendant for summary judgment dismissing the complaint. On April 1, 1977 the County of Albany, pursuant to the provisions of the Local Finance Law, published a notice of sale inviting sealed bids for the purchase of $7,500,000 in County of Albany, Sewer District, General Obligation Bonds (Bonds). The notice of sale provided, *inter alia,* that as a condition precedent to the consideration of any bid, each bidder was to provide a deposit of $150,000 and that all bids would be publicly opened and announced on April 13, 1977; that the Bonds would be delivered on April 26, 1977; that at the time of delivery the county would furnish a legal opinion that the Bonds were valid and legally issued and were binding general obligations of the county; and that the purchaser would be furnished with the usual closing certificates. The notice of sale also stated that the county would provide further information in the preliminary official statement which could be obtained upon request. The preliminary official statement contained many references to the South Mall construction bonds issued by the county in connection with its South Mall construction program, as well as a statement of indebtedness which reflected a deduction of $768,210,000 in South Mall construction bonds from a gross direct debt of nearly $800,000,000. The statement also provided that at the time the Bonds were delivered the purchasers would "receive such additional evidence as they

may deem necessary to evidence the accuracy of the information contained in the Official Statement." The plaintiffs, a syndicate of underwriters, prepared a proposal for bonds and submitted this bid, together with a check for $150,000. On April 13, 1977, the county opened the bids and awarded the Bonds to the appellants. Moreover, the county furnished a final official statement. On April 15, 1977 the New York Public Interest Research Group (PIRG) and others commenced an action against the Comptroller of the State of New York and the County of Albany, wherein they sought a judgment declaring the sale and lease back arrangement between the State and the county involving the South Mall complex unconstitutional, as well as a permanent injunction preventing the Comptroller from disbursing tax funds to the county as rental payments for the complex. The county promptly submitted to the plaintiffs an addendum detailing the commencement of the PIRG action and included opinions from the Attorney-General of the State of New York and the Albany County Attorney which questioned the merits of the litigation.* Nevertheless, the plaintiffs notified the county that they would refuse to accept the Bonds and demanded that the deposit be returned to them. The county refused to comply, thus giving rise to this cause of action seeking return of the bid deposit. On appeal, the plaintiffs assert that the county breached the contract by (1) materially altering representations and assurances upon which plaintiffs had relied in making their bid and that the county "changed the deal"; (2) being unable to comply with specific contractual prerequisites; and (3) issuing the addendum to its official statement whereby the county acknowledged the plaintiffs' right to reject tender of the Bonds. The use of the word "altered" is unfortunate, inaccurate and somewhat less than candid. Concededly, all that the county did was to report through an addendum an event occurring subsequent to the county's acceptance of the plaintiffs' bid. It merely provided up-to-date information primarily for the benefit of prospective purchasers from the syndicate as it was, by law, so required to do under subdivision a of section 17 of the Securities Act of 1933 (US Code, tit 15, § 77q, subd [a]) and subdivision b of section 10 of the Securities Exchange Act of 1934 (US Code, tit 15, § 78j, subd [b]). There was no alteration or changed "deal", but, rather, merely supplementation or updating of information which the county was under a legal as well as moral obligation to provide. Referring to the plaintiffs' second contention, we do not agree that the county could not have delivered a certificate to the effect that the original official statement remained accurate. It was accurate and in our view the supplemental information did not make it otherwise, but merely covered an occurrence which took place during the two-week period between acceptance and delivery. The plaintiffs concede that the county was obligated to update its official statement in order to comply with the disclosure requirements of the Federal securities laws. They then assume the position that this compliance presents the plaintiffs with the right to reject, and that any time there exists an obligation to disclose further information they are presented with the option to purchase or decline. If this were so, in times like these when any large and active municipality's financial picture is subject to frequent change for any number of obvious factors, the syndicates would be able to pick and choose so as to enter the bond market only when conditions were ideal for them. Clearly, this position is not sound, nor is plaintiffs' third

---

* The wisdom of both observations has since been established by the dismissal of the complaint as barred by the Statute of Limitations and laches (*New York Public Interest Research Group v Levitt,* 62 AD2d 1074, app dsmd 46 NY2d 849).

assertion, namely, that by providing an addendum the county acknowledged plaintiffs' right to reject delivery. Significantly, nowhere in this record or in the briefs is there even a hint or a suggestion that the county by design or inadvertence withheld, misrepresented or failed to disclose vital information or any information. Its only supposed transgression, concededly, was to advise the plaintiffs that it had been named defendant in a suit, of which it had no previous knowledge, arising out of a contract it made with the State of New York 11 or 12 years previously when, by law, it was required to do so. When the plaintiffs were notified by the defendant that their bid was accepted, a contract was born (*Lynch v Mayor Aldermen & Commonality of City of N. Y.,* 2 App Div 213). In order for the plaintiffs to recover, they must prove that the county breached the contract. There is no such showing here, and the judgment of Special Term should, therefore, be affirmed. Judgment affirmed, with costs. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.