■ ANTHONY ESTEVES, Appellant-Respondent, et al., Plaintiff, v SOMCO FUEL, INC., Defendant and Third-Party Plaintiff Respondent-Appellant, et al., Defendant. 163 EASTERN PARKWAY REALTY CORP., Third-Party Defendant Respondent-Appellant. — In an action to recover damages for personal injuries, etc., plaintiff Anthony Esteves appeals, and defendant Somco Fuel, Inc., and third-party defendant 163 Eastern Parkway Realty Corp. cross-appeal, from an order of the Supreme Court, Kings County (Cooper, J.), entered January 5, 1981, which, after the jury returned a verdict in favor of Anthony Esteves, on the issue of damages, in the sum of $1,098,000, granted the cross appellants' motions to set aside the verdict as excessive and ordered a new trial unless Anthony Esteves stipulated to a reduction of the award to $500,000 within a specified period of time. Order modified, on the law, by increasing the proposed award to $750,000. As so modified, order affirmed, without costs or disbursements. Plaintiff Anthony Esteves' time to stipulate to the reduction is extended until 20 days after service upon him of a copy of the order to be made hereon, with notice of entry. Although, on the facts presented, the jury verdict of $1,098,000 was excessive, the reduction proposed by the trial court was unduly severe. In order to adequately compensate Anthony Esteves for his extensive injuries and attendant pain and suffering, a reduction to $750,000 would be appropriate. We have considered the parties' other contentions and find them to be without merit. Gulotta, J. P., Cohalan, O'Connor and Bracken, JJ., concur.

■ CARLOS FIGUEROA, Respondent, v HYE REALTY, INC., Appellant. — In an action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Queens County (Leviss, J.), dated March 3, 1981, which, *inter alia,* granted plaintiff's motion for leave to serve an amended complaint. Order affirmed, with $50 costs and disbursements. Special Term did not abuse its discretion in granting plaintiff's motion to amend his complaint (see CPLR 3025, subd [b]). However, we note that "The showing necessary to uphold the discretion of a court in allowing an amended complaint is different from the showing necessary to withstand summary judgment or dismissal for no cause of action" (see *Vastola v Maer,* 48 AD2d 561, 567, affd 39 NY2d 1019). Titone, J. P., Rabin, Margett and Weinstein, JJ., concur.