■ DEVELOPMENT ENTERPRISES INC., Respondent, v COUNTY OF ROCKLAND et al., Appellants. (Proceeding No. 1.) RUBIN STERNGASS, Respondent, v COUNTY OF ROCKLAND et al., Appellants. (Proceeding No. 2.) — In two proceedings pursuant to CPLR article 78, inter. alia, to compel the Treasurer of the County of Rockland to deliver to the respective petitioners the deeds to certain parcels of property, the county and its treasurer appeal from so much of a judgment of the Supreme Court, Rockland County (Miller, J.), entered December 13, 1982, as granted the petitions to the extent of (1) declaring the county's Resolution No. 186 of 1981 illegal, null and void, (2) setting aside the December 2, 1981 sale of the county's premises, and (3) ordering that the premises be resold at public auction. The notice of appeal is amended sua sponte to reflect the proper date of entry of judgment. Judgment reversed insofar as appealed from, on the law, with costs, and petitions dismissed in their entirety. Subdivision 4 of section 1018 of the Real Property Tax Law provides that property acquired by a county by tax deed may be disposed of upon terms to be fixed by the county's board of supervisors. The board is not bound by the "[sell] to the highest responsible bidder" provision of subdivision 6 of section 215 of the County Law (see County Law, § 215, subd 8; 24 Opns St Comp, 1968, p 958). Hence, a board is empowered to enact a resolution which limits the ability of previous owners of real property subject to tax deed sales to bid on said property. The resolution in question provided that previous owners were eligible to bid in any auction which had a minimum bid price of 100% of tax arrears. Previous owners could also make themselves eligible to bid in subsequent auction sales for less than 100% tax arrears if they had previously tendered the taxes in arrears. This resolution fulfills two rational purposes. First, it returns real property to the tax rolls quickly. Second, it prevents prior land owners, who have run up high tax bills, from recovering title to the land, free of taxes, for amounts of money substantially less than the tax arrears. The resolution thereby prevents an undue tax burden upon those citizens who pay their taxes in a timely fashion. Resolution No. 186 of 1981 is therefore not illegal. We have reviewed petitioners' other contentions and find that they lack merit. Mangano, J. P., O'Connor, Bracken and Niehoff, JJ., concur.