■ In the Matter of JOSEPH ROMANO, Respondent, v HAROLD ZIEGNER et al., Appellants. — In a proceeding pursuant to CPLR article 78, *inter alia,* to compel appellants to grant petitioner a use variance, the appeal (by permission) is from an order of the Supreme Court, Suffolk County (De Luca, J.), dated February 10, 1982, which granted petitioner leave to place his application to punish appellants for contempt of a default judgment on the Trial Calendar in the event appellants failed to comply with said judgment within 30 days after service upon them of a copy of the order appealed from, and denied appellants' cross motion to vacate the default judgment. Order reversed, with costs, petitioner's application denied, appellants' cross motion granted, default judgment vacated and proceeding remitted to Special Term for a determination of said proceeding on the merits. Petitioner is seeking a use variance in this proceeding pursuant to CPLR article 78. On or about January 6, 1981, he moved for leave to enter a default judgment, arguing that appellants had failed to timely serve their answer to the petition. In opposition, appellants asserted that they had mailed out their verified answer on January 16, 1981, within the time allotted under an extension agreed upon by the parties. In an order dated April 23, 1981, Special Term (McCarthy, J.), found that an issue of fact existed as to whether the answer was timely served, but noted that petitioner could choose to move to strike the answer or waive late service, if in fact the answer was late, and renotice the matter for a hearing. Petitioner took the latter option and accepted the verified answer. Thereafter, in an order dated July 21, 1981, Special Term (De Luca, J.), granted petitioner leave to enter a default judgment, and judgment was entered on default. Since petitioner waived late service of the answer, leave to enter a default judgment was improvidently granted. Accordingly, the order appealed from which, *inter alia,* denied appellants' cross motion to open the default judgment, must be reversed, the judgment vacated, and the matter remitted to Special Term for a determination on the merits. Titone, J. P., Mangano, O'Connor and Brown, JJ., concur.

■ In the Matter of R.S.C.A. REALTY CORP., Appellant, v COUNTY OF ROCKLAND et al., Respondents. — Appeal by petitioner from an order of the Supreme Court, Rockland County (Kelly, J.), entered March 31, 1983, which, *inter alia,* denied its motion for a preliminary injunction to restrain respondents from interfering with its possession of a certain parcel of property pending the outcome of respondents' appeal in a separate proceeding entitled *Development Enterprises v County of Rockland.* Appeal dismissed, without costs or disbursements. Petitioner's appeal has been rendered moot by our determination of the appeal in *Development Enterprises v County of Rockland* (96 AD2d 925) in favor of respondents. Gibbons, J. P., Bracken, Niehoff and Rubin, JJ., concur.