■ IRVING KIGLER, Respondent, v COUNTY OF ROCKLAND et al., Appellants, and REUBIN STERNGASS, Intervenor-Appellant. —In an action to compel the execution and delivery of two

deeds, (1) the defendants County of Rockland, Edward Gorman, and Harold Peterson, and the intervenor Reubin Sterngass separately appeal from (a) an order of the Supreme Court, Rockland County (Kelly, J.), dated May 11, 1989, which denied their motions to dismiss the complaint as time-barred, (b) an order of the same court dated December 17, 1990, which granted the plaintiff's motion for summary judgment and which denied the cross motion of the defendants County of Rockland, Edward Gorman, and Harold Peterson for summary judgment, and (c) a judgment of the same court dated January 23, 1991, which is in favor of the plaintiff directing the defendants County of Rockland, Edward Gorman, and Harold Peterson to execute deeds conveying title to the two designated parcels.

Ordered that the appeals by the intervenor are dismissed as abandoned; and it is further,

Ordered that the appeals by the defendants County of Rockland, Edward Gorman, and Harold Peterson, from the orders dated May 11, 1989, and December 17, 1990, respectively, are dismissed; and it is further,

Ordered that the judgment dated January 23, 1991, is reversed, on the law, the order dated December 17, 1990, is vacated, the plaintiff's motion for summary judgment is denied, the cross motion of the defendants County of Rockland, Edward Gorman, and Harold Peterson for summary judgment is granted, and the complaint is dismissed; and it is further,

Ordered that the defendants County of Rockland, Edward Gorman, and Harold Peterson are awarded one bill of costs.

The appeal from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The plaintiff offered to purchase two properties which had been acquired by the County of Rockland as the result of tax sales. On December 2, 1981, he bid $5,600 toward the purchase of a parcel designated as "138-H-18.01 SEAS". On June 24, 1982, he bid $23,601 toward the purchase of a property designated as "138-H-23 COM". According to the "terms of sale" which governed both of these transactions, the County of Rockland "reserve[d] the right to reject any or all bids". Also, prospective purchasers were advised that "[a]ll bids [would] be

subject to the approval of the Legislature of the County of Rockland".

On January 19, 1982, the County Legislature approved the bid which had been offered by the plaintiff on December 2, 1981. The defendant-intervenor, a principal of the corporation which had an interest in the subject property, then commenced a proceeding in which he challenged the validity of the 1981 auction *(see, Development Enters. v County of Rockland,* 62 NY2d 812, *affg* 96 AD2d 925; *see also, Sterngass v County of Rockland,* 62 NY2d 812, *affg* 96 AD2d 925). After these proceedings had concluded, the County Legislature, in Resolution Number 459 of 1986, disapproved of the bid offered by the plaintiff on June 24, 1982. Also, by Resolution Number 460 of 1986, the County Legislature repealed its earlier resolution and disapproved of the bid offered by the plaintiff on December 2, 1981.

In 1988, the plaintiff commenced the instant action for specific performance. The Supreme Court agreed with the plaintiff's contention that he had valid and enforceable contracts with respect to both properties, and granted summary judgment directing conveyance of title to the properties. We disagree, reverse the judgment appealed from, and dismiss the complaint.

Pursuant to the terms of the two notices of sale, no valid contract to convey title to either property could exist without the approval of the County Legislature *(see, Orelli v Ambro,* 41 NY2d 952; *Min-Lee Assocs. v City of New York,* 27 NY2d 790). Even assuming that a contract to convey parcel number "138-H-18.01 SEAS" had come into existence by virtue of the 1982 resolution *(see, e.g., Matter of Municipal Consultants & Publs. v Town of Ramapo,* 47 NY2d 144, 150), the later repeal of that resolution acted as a rescission of the contract *(see, Min-Lee Assocs. v City of New York, supra).* We do not consider it significant that, in the present case, the notices of sale reserved to the County the right to reject all "bids", while the comparable notice of sale in *Min-Lee Assocs. v City of New York (supra,* at 792) reserved to the City the right to reject all "bids and sales".

In light of the foregoing, we need not address the defendants-appellants' remaining contentions. Bracken, J. P., Sullivan, Balletta and Copertino, JJ., concur.