■ RUBIN STERNGASS, Appellant, v COUNTY OF ROCKLAND,

Respondent. [617 NYS2d 876] —In an action, *inter alia,* for a judgment declaring the procedures used by the defendant County of Rockland with regard to the tax foreclosure of certain parcels of real estate unconstitutional, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Lefkowitz, J.), dated February 25, 1993, as granted the defendant's motion for summary judgment to the extent of dismissing the plaintiff's second through fifth causes of action.

Ordered that, upon searching the record, the order is modified, on the law, by deleting the provision thereof which denied so much of the defendant's motion as sought summary judgment on the plaintiff's first cause of action, and substituting therefor a provision granting the motion and dismissing the complaint in its entirety; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant, and the matter is remitted to the Supreme Court, Rockland County, for the entry of a judgment declaring that the challenged procedures by the defendant are constitutional *(see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901).

The plaintiff possessed an interest in two corporations which owned real property which the defendant County of Rockland acquired to satisfy tax deficiencies. The County seized the properties in 1981, selling them at auction to Irving Kigler. The plaintiff thereafter commenced or intervened in several proceedings and actions to challenge the County's actions *(see, Development Enters. v County of Rockland,* 96 AD2d 925, *affd* 62 NY2d 812; *Sterngass v County of Rockland,* 96 AD2d 925, *affd* 62 NY2d 812; *Matter of R.S.C.A. Realty Corp. v County of Rockland,* 99 AD2d 512; *Kigler v County of Rockland,* 186 AD2d 787). Although the plaintiff shared in the County's success in voiding the sale to Mr. Kigler *(Kigler v County of Rockland, supra),* the plaintiff has not succeeded in his efforts to compel the County to reconvey the properties to his corporations.

We agree with the Supreme Court's conclusion that in this action, the plaintiff's second and third causes of action are barred by res judicata. In the earlier proceedings, the plaintiff challenged as unconstitutional certain actions by the County in the seizure of the corporate real estate, and in the County's determinations impeding his ability to regain title thereto *(see, Development Enters. v County of Rockland, supra; Sterngass v County of Rockland, supra).* In his second cause of action

herein, the plaintiff has raised similar constitutional claims under a slightly different theory, alleging the existence of a conspiracy involving the former County Attorney who opposed the plaintiff's earlier claims and who later commenced a specific performance action on behalf of Mr. Kigler *(see, Kigler v County of Rockland, supra)*. However, the current second cause of action improperly attempts to advance an "alternative theor[y] * * * to recover what is essentially the same relief for harm arising out of the same or related facts" *(O'Brien v City of Syracuse,* 54 NY2d 353, 357; *see also, Boronow v Boronow,* 71 NY2d 284; *Hypertronics Inc. v Digital Equip. Corp.,* 195 AD2d 541). Thus, it was properly dismissed. The plaintiff's third, fourth, and fifth causes of action are likewise duplicative of his earlier claims and are likewise barred.

Notwithstanding the absence of a cross appeal by the County, upon searching the record we find that it is entitled to summary judgment dismissing the plaintiff's first cause of action as well *(see,* CPLR 3212 [b]; *Jacobs v Northeastern Indus. Park,* 181 AD2d 720; *Parente v Drozd,* 171 AD2d 847; *Grimaldi v Pagan,* 135 AD2d 496; *Southern Assocs. v United Brands Co.,* 67 AD2d 199). The first cause of action essentially raises an equal protection claim predicated upon an allegation that the County, at undisclosed times, refused to permit the plaintiff to satisfy his corporation's tax deficiencies by making installment payments when the County afforded such treatment to a different taxpayer in 1987. The plaintiff alleged, and the Supreme Court so held, that this cause of action rested upon events occurring "years later" which could not have been presented in the prior litigation and which thus could not be barred by res judicata. We disagree.

Assuming arguendo that the plaintiff had a right to pay off the tax deficiencies in installments, that right was not violated in 1987 when the other delinquent taxpayer was permitted to do so. Rather, that alleged right was trammeled, if at all, when the plaintiff's alleged requests for this relief were denied. The new facts may constitute subsequent evidence of alleged unequal treatment by the County, but the mere fact that this evidence was discovered in 1987 does not compel a finding that the plaintiff could not have raised this claim during the prior litigation. Indeed, the plaintiff alleged that "the County of Rockland clearly has a history of resolving outstanding taxes by means of installment payments". Assuming the truth of this assertion, the plaintiff could have advanced this claim previously as well. Since the first cause of

action, too, states merely an alternative theory which the plaintiff had a full and fair opportunity to advance in the earlier proceedings, it, too, is barred by res judicata *(see, Schuylkill Fuel Corp. v Nieberg Realty Corp.,* 250 NY 304; *see also, Brooklyn Welding Corp. v City of New York,* 198 AD2d 189; *Keane v New York Law School,* 186 AD2d 453).

We have received the plaintiff's remaining contentions and find them to be without merit. Thompson, J. P., Miller, Rosenblatt and Ritter, JJ., concur.