[677 NYS2d 557]

WESTNINE ASSOCIATES, Respondent, v WEST 109TH STREET ASSOCIATES et al., Defendants, and ABRAHAM A. MENDEL et al., Appellants.

First Department, September 17, 1998

**APPEARANCES OF COUNSEL**

*Neal Schwarzfeld* of counsel (*Schwarzfeld, Ganfer & Shore, L. L. P.,* attorneys), for respondent.
*Abraham A. Mendel* and *Solomon J. Borg,* appellants *pro se.*

**OPINION OF THE COURT**

SULLIVAN, J. P.

This is an action commenced prior to July 1, 1992, the effective date of the commencement of an action by filing provisions enacted in 1992 (L 1992, ch 216), which, *inter alia,* amended CPLR 203 (c) to provide that, where an action is commenced by filing (*see,* CPLR 304), it is deemed, for Statute of Limitations purposes, to have been commenced when the summons and complaint are filed with the clerk of the court. Here, a supplemental summons and amended complaint, adding new parties defendant and asserting a new cause of action, were filed prior to the expiration of the Statute of Limitations applicable to the underlying action as well as the newly interposed claim but, concededly, were not served upon the newly joined defendants until after the running of the Statute of Limitations. The issue before us is whether, in this preamendment action, the timeliness of the postamendment interposition of the new claim and addition of new parties is determined by the timeliness of the filing, or of the service, of the supplemental summons and amended complaint.

In 1987, West 109th Street Associates, a limited partnership, entered into an agreement with Westnine Associates, pursuant to which Westnine extended a $1,000,000 mortgage loan to West 109th Street. The loan was personally guaranteed by defendants Abraham Mendel and Solomon Borg pursuant to a guarantee agreement. In a January 1990 restructuring of the loan, Mendel and Borg withdrew as general partners of West 109th Street. Hofra Associates, Inc., a partner in Westnine, became the general partner of West 109th Street. At the same time, West 109th Street entered into a modification of the mortgage loan with Westnine, and Mendel and Borg reconfirmed and ratified their guarantee subject to the conditions set forth in a contemporaneously executed letter agreement.

Approximately one year later, on February 27, 1991, Westnine sent a notice of default to West 109th Street, with a copy

to Borg, advising them that the loan was in default and demanding payment on the loan, as well as performance under the guarantee. On August 16, 1991, Westnine commenced this foreclosure action by service of the complaint on Hofra, the new general partner of West 109th Street. The summons and complaint did not name either Mendel or Borg as a defendant. No relief was sought with respect to the guarantee.

Thereafter, by order to show cause dated February 24, 1997, Westnine sought leave to file a supplemental summons and amended complaint in this action adding Mendel and Borg as defendants and, pending determination of the motion, a toll of the running of the Statute of Limitations. The proposed amended complaint contained a new second cause of action seeking a deficiency judgment against Mendel and Borg based on their obligation under the guarantee. In the order to show cause, the IAS Court declined to toll the running of the Statute of Limitations. Leave to serve an amended complaint and supplemental summons was granted on March 19, 1997. Mendel and Borg were served with the supplemental summons and amended complaint on June 9, 1997, almost three months later and after the expiration of the Statute of Limitations. In an effort to avoid the bar of the Statute of Limitations, Westnine, on February 26, 1997, by the filing of a summons and complaint, had commenced a separate action seeking recovery under the guarantee.

Mendel and Borg moved to dismiss the latter action based on RPAPL 1301 (3)'s prohibition, without leave of the foreclosure court, against multiple actions and its requirement that mortgagees obtain all the relief to which they are entitled in the foreclosure action. (*Anron Air Sys. v Columbia Sussex Corp.*, 202 AD2d 460; *Irving Trust Co. v Seltzer*, 265 App Div 696, 699.) Westnine cross-moved to consolidate the guarantee action with the instant foreclosure proceeding. Mendel and Borg also moved to dismiss, as untimely, the amended complaint's second cause of action asserting a claim for a deficiency judgment. In a consolidated decision, the IAS Court dismissed the guarantee action based upon RPAPL 1301 (3)'s prohibition against multiple actions but denied dismissal of the deficiency cause of action. In light of its dismissal of the guarantee action, it also denied consolidation.

In rejecting Mendel and Borg's untimeliness claim with respect to the interposition of the deficiency judgment cause of action in the foreclosure proceeding, the court held that *Arnold v Mayal Realty Co.* (299 NY 57), upon which the two movants

relied, was no longer relevant since it was decided in 1949 under the then-prevailing commencement of an action by service system no longer in effect. *Arnold* had held that a claim against an additional defendant is deemed interposed when the supplemental summons and complaint are served upon him. The IAS Court held that, since July 1, 1992, the filing of the summons and complaint constitutes the commencement of an action. The court further found that the issue of when, under the commencement by filing system, an action is interposed against a newly added defendant had never been addressed by a New York court. Accordingly, the court looked to the Federal system, which also utilizes a commencement by filing system and, citing *Northbrook Natl. Ins. Co. v J & R Vending Corp.* (167 FRD 643, 648), held that the filing date of a motion to amend to add defendants "is controlling for purposes of the statute of limitations." Using that as the standard, the court held that the filing date of the order to show cause seeking leave to amend the foreclosure complaint marked the commencement of the action against Mendel and Borg. Thus, the court found that Westnine timely joined the two new defendants on February 21, 1997, six days before the expiration of the Statute of Limitations. Mendel and Borg appeal from the denial of their motion to dismiss the second cause of action in the foreclosure action. We reverse.

As amended, CPLR 203 (b) and 203 (c) set forth the methods for determining when a claim against a defendant is deemed interposed for Statute of Limitations purposes. The 1992 amendments expressly provide that they "shall apply to actions commenced on or after" July 1, 1992. (L 1992, ch 216, § 27.) Thus, even subsequent to the July 1, 1992 effective date of the commencement by filing system, actions commenced by service of process prior to June 30, 1992 continue to be deemed commenced by service and are governed by CPLR 203 (b). (*De Maria v Smith*, 197 AD2d 114.) This action was, as noted, commenced on August 16, 1991, by service of process on West 109th Street and is thus governed by CPLR 203 (b).

CPLR 203 (b) provides for several available methods of computing the time when a claim is interposed for Statute of Limitations purposes. Only CPLR 203 (b) (1), which provides for service on the defendant, is relevant here. It is undisputed that the supplemental summons and amended complaint were not served on Mendel and Borg any earlier than June 9, 1997, about three and one-half months after the six-year Statute of Limitations had run. In *Arnold v Mayal Realty Co.* (299 NY 57,

*supra),* the Court of Appeals held that the service of motion papers containing the proposed amended pleadings on the defendants sought to be added did not constitute service and therefore did not toll the Statute of Limitations.

The *Arnold* principle was followed in *Crook v du Pont de Nemours Co.* ([appeal no. 2], 181 AD2d 1039, *affd* 81 NY2d 807), in which the Court held that the failure to obtain prior leave of the court to add others as party defendants rendered the service of proposed pleadings on putative defendants a nullity. Here, the motion papers containing the proposed pleadings were never served on Mendel and Borg. The only step taken to interpose the deficiency judgment claim before the expiration of the Statute of Limitations was the filing of those papers with the motion support office of the court. Whether such filing constitutes a "filing" with the "clerk of the court" pursuant to CPLR 203 (c) (1) is an issue we need not reach since CPLR 203 (b), not 203 (c), controls. Inasmuch as the limitations period expired on February 27, 1997 and process was not served until June 9, 1997, the action against Mendel and Borg is statutorily barred. That Westnine, subsequent to July 1, 1992, seeks to add parties to a pre-July 1, 1992 action does not convert the action to one commenced by filing and subject to CPLR 203 (c). (*Seavey v Korte*, 159 Misc 2d 407.)

Finally, we note that Westnine, in arguing the timeliness of its deficiency judgment claim, eschews any reliance on the relation-back doctrine, which, in any event, would be inapplicable.

Accordingly, the order of the Supreme Court, New York County (Jane Solomon, J.), entered October 8, 1997, which, *inter alia,* denied the motion of defendants Mendel and Borg to dismiss the complaint as against them, should be reversed, on the law, without costs or disbursements, and the motion granted. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint as against them.

Rosenberger, Wallach and Andrias, JJ., concur.

Order, Supreme Court, New York County, entered October 8, 1997, reversed, on the law, without costs or disbursements, and defendants-appellants' motion to dismiss the complaint as against them granted.