■ XAVIER CONTRACTING, LLC, Respondent, v CITY OF RYE et al., Appellants. [815 NYS2d 638]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Westchester County (Rudolph, J.), entered December 17, 2004, which granted the plaintiff's motion for summary judgment on the issue of liability and denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant City of Rye, acting through the defendant City Council of the City of Rye, advertised for bids in connection with the renovation of its community center. The City intended to award seven separate contracts for different portions of the work. The plaintiff was awarded a contract for general construction. Simultaneously, six other bidders were awarded contracts for other work, all part of the same project. Subsequently, one of the awards was rescinded because the bidder failed to meet the bonding requirements. The City then informed the plaintiff that it intended to reevaluate the renovation project, and would not proceed with the project at that time.

The Supreme Court properly determined that a binding and enforceable contract came into existence when the plaintiff was awarded its contract (*see Matter of Municipal Consultants & Publs. v Town of Ramapo*, 47 NY2d 144, 148-149 [1979]; *Roosevelt & Cross v County of Albany*, 72 AD2d 855, 857 [1979]; *Beckwith v City of New York*, 121 App Div 462 [1907]; *Paul v City of New York*, 46 App Div 69, 73 [1899]; *Matter of Lord Elec. Co. v Litke*, 122 Misc 2d 112, 114 [1983]). Absent an express provision that the plaintiff's contract was awarded subject to or contingent upon the acceptance of the six other contract awards (*cf. Kigler v County of Rockland*, 186 AD2d 787, 789 [1992]), the City could not unilaterally refuse to perform simply because one of the other six contracts was later rescinded. The language in section II paragraph 9 of the Project Manual on the discretionary authority of the City to reject bid proposals does not require a different result, since such authority does not pertain to circumstances after a bid proposal has actually been accepted by the municipality, as here. Accordingly, there being no disputed issue of fact in this case, the Supreme Court properly determined, as a matter of law, that the plaintiff was entitled to summary judgment on the issue of liability (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), and properly denied the defendants' cross motion. Schmidt, J.P., Skelos, Lunn and Dillon, JJ., concur.